25 417
87a 483

CROW, Defendant in Error, v. HARMON, Plaintiff in Error.

1. An instrument in the following form—"I promise to pay G. W. Crow one hundred dollars if the M. T. Lewis county road is not opened and kept open along the creek where it is now located, or if said Crow should make null the present proceedings of the court and commissioners as already had and done by them. I also agree that if said road is opened and kept open that said Crow shall have all the damages that may ever be assessed me for the same. February 7, 1855. [Signed] Jacob Harmon"—is within section 1 of the act concerning bonds and notes, (R. C. 1845, p. 189,) and imports a consideration; it is not champertous on its face.

*Error to Holt Circuit Court.*

This was a suit upon the following instrument in writing: "I promise to pay G. W. Crow one hundred dollars if the M. T. Lewis county road is not opened and kept open along the creek where it is now located, or if said Crow should make null the present proceedings of the court and commissioners as already had and done by them. I also agree that if said road is opened and kept open that said Crow shall have all the damages that may ever be assessed me for the same. This February 7, 1855. [Signed] Jacob Harmon."

The plaintiff in his petition set forth the execution by the defendant of the above instrument, and alleged further that "the said road was not opened and kept open along the creek where it was located, but that the county court of Holt county, Missouri, has refused to open the same."

At the trial the plaintiff read in evidence the above instrument, and rested. The defendant then, to show that damages had been assessed to him on account of the opening through his land of the M. T. Lewis county road and the amount of damages assessed, offered in evidence the records of the proceedings of the Holt county court had June 4, 1856, as follows: "Now here, in the matter of Martin T. Lewis and others—petition for county road—the court not deeming the road of sufficient utility to justify the payment of $285—that being the amount of damages awarded to Ja-

cob Harmon by a jury of six men—the court refuses to establish said road, and hereby rescinds a former order appointing Martin T. Lewis overseer on said road and ordering him to open the same." The court, at the instance of plaintiff, rejected the transcript of said order. This was all the evidence adduced. The court, at the instance of the plaintiff, instructed the jury as follows: "1. The jury will find for plaintiff one hundred dollars and interest thereon at the rate of six per cent. interest per annum from the time the same was demanded. 2. The pleadings admit that such demand was made on the 22d day of October, 1855." The court refused the following instructions asked by defendant: "1. Unless the jury believe from the evidence that said instrument of writing was executed on some good or valuable consideration, they will find for the defendant. 2. The agreement sued upon does not show any consideration, nor does it import one. The instrument of writing sued on is void, being against the policy of the law."

*Foster, Vories* and *Loan*, for plaintiff in error.

I. The instrument of writing is champertous, void and contrary to public policy.

II. The instrument of writing sued on does not import a consideration and the petition fails to allege one. The plaintiff gave nothing for defendant's undertaking; no services were contracted for, and, so far as the pleadings show, none were rendered; the plaintiff has been put to no loss, inconvenience or trouble; nor has the defendant derived any advantage from the contract.

*Hall* and *Gardenhire*, for defendant in error.

I. We do not see how the instrument sued on can be champertous. It does not show that Crow supplied money to carry on any suit on condition of sharing in any land or other property gained by it. (1 Bouv. Dic. 218; 2 Parsons on Cont. 262; 1 Pick. 416; 5 John. Ch. 44.) It does show a promise in writing, signed by Harmon, to pay one hundred dollars if a certain road was not opened and kept open, or if

Crow should make null certain proceedings of the court and commissioners. Such a promise is certainly free from objection. The instrument also shows that if the road was opened and kept open, Crow was to have all the damages assessed. Harmon certainly had the right to give Crow all the damages or none for his services, as he chose. But this last matter can not come up here; for the petition alleges that the road was not opened or kept open, and the answer not denying admitted it. It was upon this ground that the court below excluded defendant's evidence showing that damages had been assessed.

II. The instrument sued on imports a consideration. It is in writing, made and signed by Harmon, and contains a promise to pay Crow a sum of money therein mentioned. (1 R. C. 1855, p. 319, § 1; Caples v. Branham, 20 Mo. 244.)

SCOTT, Judge, delivered the opinion of the court.

This was a suit on a promissory note, and the objections to a recovery were that the consideration was against public policy, being champertous, and that it was without consideration.

The first section of the act concerning bonds and notes (R. C. 1845, p. 189) provides that all notes in writing made and signed by any person or his agent, whereby he shall promise to pay to any other person or his order or unto bearer any sum of money or property therein mentioned, shall import a consideration and be due and payable as therein specified. The note importing of itself a consideration, the burden of proving a want of consideration was upon the defendant. No evidence was given by him showing a want of consideration for the note, and therefore his objection was properly disregarded.

As to the objection that the contract was champertous, it may be answered that there is nothing on the face of it showing that it is obnoxious to such an imputation, nor was there any evidence in support of it.

The defendant was not prejudiced by the refusal of the court to admit the record of the county court as evidence, as the effect of it was only to sustain the plaintiff's case. Judgment affirmed; Judge Ryland concurring; Judge Leonard absent.