---o---

CHARLES LINDELL, Respondent, vs. HENRY ROKES, Appellant.

1. *Promissory note—Abstinence from drink a good consideration.*—A promissory note made payable on condition that the payee shall, during a specified time, abstain from intoxicating liquor, imports a sufficient consideration to sustain an action, on proof that its terms have been complied with; and the consideration is not illegal as against public policy. (See Wagn. Stat., 270, § 6.)

*Appeal from Nodaway Circuit Court.*

*Dawson & Edwards,* for Appellant.

There is no mutuality in the conditions of the contract sued on. Lindell does not promise to abstain from drinking intoxicating liquors or beer during the period mentioned in the contract, nor does he stipulate to do anything whatever. There is no promise, for a promise shown in the instrument, and it is a *nudum pactum*. (Burnet vs. Briscow, 4 Johns., 235; 2 Kent Com., 464; 1 Sto. Contr., [4 Ed.] § 431; White vs. Bluett, 24 Eng. Law & Eq. Rep., 434; Tyhes vs. Dixon,

9 Ad. & El., 693; 1 Pars. Contr., 458, n. 2.)   A mere moral
obligation is insufficient.   (1 Sto. Contr., [4 Ed.] 453, 465,
466; Smith vs. Ware, 13 Johns., 257; Edwards vs. Davis,
16 Johns., 280; Chit. Contr., [5 Eng. Ed.] 51, 52; Kick vs.
Merry, 23 Mo., 73; Dodge vs. Adams, 19 Pick., 429; Mills
vs. Wyman, 3 Pick., 207.)

The consideration being duly expressed in the instrument,
parol proof was not admissible to aid it.   (Maigley vs. Hauer,
7 Johns., 340.)

There was no evidence to show, that the smallest advantage
had accrued to defendant from the performance of the con-
tract by defendant.   (Sto. Contr. [4 Ed.] 431, and cases cited
and note.)

The promise to pay the $50 by the execution of the instru
ment, did not operate as a vested gift of that sum.   (Powell
vs. Brown, 3 Johns., 100; Fink vs. Cox, 18 Johns., 145; Rea-
son vs. Reason, 7 Johns., 26; Taylor vs. Staples, 5 Am. Rep.,
556.)

Appellant relies especially on Burnet vs. Briscoe, *supra*,
and Utica & Syracuse R. R. Co. vs. Syracuse, 21 Wend., 139.)

*C. A. Anthony*, for Respondent.

The instrument sued upon as the foundation of suit, is a
promissory note, and being in writing, imports a sufficient
consideration.   (Wagn. Stat., 270, § 6; Caples vs. Branham,
20 Mo., 246-7; Crow vs. Harman, 25 Mo., 419-20; Chit.
Contr. 10 Am. Ed., 26.)

The promise is not void for want of mutuality.   (Rose vs.
Railroad Co., 31 Tex., 49; Des Moines Valley R. R. Co. vs.
DeGuff, 2 Ia. 99; quoted 5 Am. Law Review, 488; Crow vs.
Harman, *supra;* Caples v. Branham, *supra;* 10 Am. Lead.
Cas., 75, 113.)

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the plaintiff against the
defendant on a promissory note, of which the following is a
copy:

"$50.       MARYVILLE, Mo., July 1, 1872.

I promise to pay Charles Lindell fifty dollars ($50) March 1st, 1873, if he, during the time from July 1st, 1872, to March 1st, 1873, will not use intoxicating liquors and beer of any kind.

           H. ROKES."

The cause was tried before a jury, and evidence was adduced showing that plaintiff had not used intoxicating liquor or beer of any kind during the period specified in the note, and there was a verdict and judgment in his favor.

Defendant objected to the introduction of any evidence by the plaintiff, on the ground that the note was illegal for want of mutuality and consideration. The same objections were also made in the shape of instructions; but they were overruled.

It is true that the plaintiff did not undertake, in direct terms, to do anything when the note was made, but the prevailing doctrine now is, that if one promise to pay another a sum of money if he will do a particular act, and he does the act, the contract is not void for want of mutuality, and the promiser is liable, though the promisee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory.

Our statute provides that all instruments of writing made and signed by any person or his agents, whereby he shall promise to pay to any other or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified, (1 Wagn. Stat., 270, § 6.)

The note imported a consideration, and it was only incumbent on the plaintiff to show that he had complied with its terms. The case of Hempler vs. Schneider (17 Mo., 258) is in point. There Schneider promised to pay Hempler, for Wilhelm Nauman, the sum of two hundred dollars for goods received, in case Nauman did not return to St. Louis within

fifty days. It was held that Schneider was liable for the full amount of the note, whether Hempler sustained any damage by Nauman's not returning within the time or not. " This court," said Scott, J., " is not aware of any law which would justify it in releasing men from their lawful contracts, unless in cases of fraud, imposition, accident or mistake in their creation. The plaintiff may have sustained no damage in consequence of Nauman not having returned in fifty days, but there was a sufficient consideration for his undertaking, and he must abide the consequences of his own bargain deliberately entered into." So, where the defendant promised to pay the plaintiff one hundred dollars if a certain county road was not opened or kept open, or if the plaintiff should have the proceedings opening it annulled, it was decided that the promise, it being in writing, was within the statute, and imported a sufficient consideration. (Crow vs. Harman, 25 Mo., 417.)

The note of itself, in the present case, imported a good consideration, and it requires no argument to combat the position that a promise made in consideration that a person shall abstain from the use of intoxicating liquor is illegal as against public policy.

The judgment should be affirmed, and with the concurrence of the other judges it will be so ordered. The other judges concur.