SKINNER v. SKINNER'S EXECUTORS, *Appellants*.

**Duplicate Evidences of Indebtedness, Action on.** A man about to marry executed a promissory note in favor of his intended wife, whereby he bound his legal representatives, twelve months after his death, to pay her $4,000. On the same day he executed a deed of trust on real estate to secure the payment of this note, and he and his intended wife executed a marriage contract wherein he stipulated for the payment of said $4,000, and in consideration thereof she agreed to claim no dower or other right in his estate. The marriage took place, and the husband having died the wife presented the note for allowance against his estate. Objection being made to the introduction of the marriage contract at the trial; *Held*, that inasmuch as the note, under the statute, imported a consideration, it was not necessary to introduce the marriage contract by way of showing a consideration for the note, but inasmuch as

the contract and note related to the same transaction, the introduction of the contract could not prejudice the estate. *Held*, also, that although they both represented the same indebtedness, it was not necessary to sue upon both, since satisfaction of either would be a bar to recovery on the other.

*Appeal from Montgomery Circuit Court.*—Hon. G. Porter, Judge.

AFFIRMED.

*Forrist & Fry* for appellants.

*Carkener & Rosenberger* for respondent.

Ray, J.—This cause originated in the probate court of Montgomery county, where the plaintiff had judgment, from which the defendants appealed to the circuit court of that county, where, on a trial anew, the plaintiff again had judgment, from which the defendants have appealed to this court.

The proceeding in the probate court was to obtain judgment and classification against the estate of Francis Skinner, deceased, of the following claim, in favor of Lucinda Skinner, the respondent, to-wit:

"$4,000.  High Hill, Mo., May 6th, 1868.

I promise to pay, twelve months after my death, to Lucinda Peery $4,000, value received, with ten per cent interest from maturity, and I bind hereby my executors, administrators and assigns, to pay said $4,000 after maturity, out of any real and personal property, provided that the said Lucinda Peery is at the day of my death, living with me as my wife.

Francis Skinner."

On the trial, in the circuit court, before the court sitting as a jury, the respondent, to support her claim, offered in evidence the said note with proof of its execution. She next read in evidence a deed of trust on certain real estate

to secure the payment of said note which was executed by the testator on the 6th day of May, 1868, and duly acknowledged and recorded in the proper office. Respondent then called witness Hunt, who testified to the marriage of respondent with the testator, which took place on the 7th day of May, 1868; that she lived with him as his wife from that time till his death in April, 1877, (nursing and taking care of him in his last sickness, etc.,) and that she is the same Lucinda Peery named in the note. It also appeared that the defendants were the executors of last the will and testament of said testator, Francis Skinner, and that twelve months had elapsed since the death of said testator, and prior to the presentation of said note for allowance in the probate court. It further appeared that said respondent, prior to her marriage with said testator, had been married to a man named Peery; that said prior marriage took place in Missouri prior to 1843; that in the year last named, said Peery left the respondent and had never been heard from since by her or her friends, and that she had long considered and believed him to be dead; that no divorce had ever been sought or obtained from said Peery; that said first husband had been absent and unheard from for about twenty-five years prior to the marriage to the testator. The respondent then offered in evidence a marriage contract between the respondent and testator, made and executed on May 6th, 1868, as follows, to-wit:

"This marriage contract made and entered into, this 6th day of May, A. D. 1868, by and between Francis Skinner, of Montgomery county, and State of Missouri, party of the first part, and Lucinda Peery, of Montgomery county, and State of Missouri, party of the second part, witnesseth: That whereas, the party of the first part is seized in fee of certain real estate situated in the State of Missouri, and is the owner of other personal property, and a marriage is hereby intended to be solemnized between the aforesaid parties; therefore it is agreed between the parties that the said party of the second part shall receive

after the death of the party of the first part, should she be
the survivor, $4,000 in money, to be paid to the second
party as her absolute property, out of the estate of the
party of the first part, as speedily and as early after the
death of the said first party, as circumstances will admit.
It is understood that the above mentioned $4,000 shall be
paid prior to any distribution of any of the estate of the
party of the first part to his heirs or devisees, and the party
of the second part, in consideration of the premises and in
consideration of the sum of $1 to her in hand paid by
the party of the first part, the receipt of which is hereby
acknowledged, does for herself, her heirs and executors
and administrators, covenant and agree with the party of
the first part, his heirs and administrators and executors,
that the above mentioned $4,000 shall be in full satisfac-
tion of her dower in the estate of the party of the first
part, whether present or future, and shall bar her from claim-
ing any interest whatever in the personal estate of the first
party, whether present or future, as heir, devisee or as his
widow, if she should survive after said marriage, unless
some part thereof be given her by his last will, or some act
done by him subsequent to the execution of these presents.
It is also covenanted and agreed that the party of the sec-
ond part shall not be entitled to receive the above men-
tioned $4,000 in the event the parties are separated and not
living together as man and wife at the time of the death
of the party of the first part, and that the estate of said
Mrs Peery shall vest in said testator."

Respondent then re-called witness Hunt, who testified
that said marriage contract, deed of trust and note were
all made and executed on the 6th day of May, 1868; that
the marriage took place on the day following; that the
note was given for the same $4,000 mentioned in the mar-
riage contract; that the note, deed of trust and marriage
contract were all executed at the same time, as one entire
transaction. Appellants objected to all this evidence of
witness Hunt, but the court overruled their objections and

they excepted. The respondent here rested, and the defendants offered a demurrer to the evidence, which the court overruled.

The defendants, on their part, then offered to read in evidence the last will and testament of said Francis Skinner, to which plaintiff objected, and the court sustained said objection, to which action of the court the defendants excepted. The defendants then stated and read out of said will the following clause or item: "2nd, It is my will and desire, that my executors hereinafter named, pay to my wife, Lucinda Skinner, the sum of $4,000, which she is to have out of my estate according to our marriage contract, executed before our marriage, and which, by the terms of said contract, is to stand in lieu of and in full satisfaction of her dower or right of dower in my estate, real or personal, and in lieu of any interest or claim in and to my estate." And further, that nowhere else, or in any other manner, is respondent named in said will. But the court sustained said objection and excluded said proffered evidence, to which action of the court appellants at the time excepted.

This, in substance, was all the evidence in the cause The court thereupon gave the following declaration of law for the plaintiff, over the objection of the defendants, to-wit: "If the court, sitting as a jury, find from the evidence that Francis Skinner, defendant's testator, executed the instrument sued on; that the same was executed for a valuable consideration; that the plaintiff is the Lucinda Peery therein mentioned; that, after the date of said obligation she intermarried with said Francis Skinner, and that she continued to live with him until his death, and that one year has elapsed since his death, then said plaintiff is entitled to recover, and the verdict must be for plaintiff, for the amount of said obligation, to-wit: $4,000, with interest at ten per cent from twelve months after the date of the death of said Skinner."

The following declarations were also given at the re-quest of the defendant, to-wit:

2. That unless the court, sitting as a jury, shall be-lieve from the evidence in the case that plaintiff was law-fully married to said Francis Skinner and lived with him as his wife at the time of his death, then the verdict must be for the defendants.

3. That if the court, sitting as a jury, shall believe from the evidence in the case that the plaintiff, at the time of her alleged marriage to said Francis Skinner, had a husband living, then the verdict must be for the defend-ants.

4. That if the court, sitting as a jury, shall believe from the evidence in the cause that plaintiff, before her alleged marriage to said Skinner, was legally married to one Peery and from whom she had not been divorced, and said Peery was alive at the date of the alleged marriage to said Skinner, the verdict must be for the defendants, unless the court so sitting shall further believe from the evidence in the case that said Peery had been absent from plaintiff after her said marriage and in parts unknown to her for the full time of seven years continuously, before her alleged marriage with the said Skinner.

6. If the court, sitting as a jury, shall believe from the evidence in the cause that said plaintiff and said Francis Skinner made and executed the marriage contract offered in evidence; that afterward, in pursuance thereof, said parties thereto were married; that said Francis Skinner has departed this life, and that at his death said plaintiff lived with said Francis Skinner as his wife, then and in such case said contract would create a complete and valid claim against said Francis Skinner and his estate for the sum of $4,000 named therein, and to be paid as in said contract provided.

Certain other declarations were asked and refused for defendants, which will be noticed hereafter. Under the declarations so given, and the evidence in the cause, the

court found for the plaintiff, and gave judgment of allowance and classification accordingly, from which the defendants, after an unsuccessful motion for a new trial, in due time and manner, appealed to this court.

Upon inspection of this record, we are satisfied that the merits of this controversy were fairly submitted to the court, upon the evidence and declarations of law above set out, and the court having found the issues for the plaintiff, the judgment must be affirmed. We will, however, proceed to examine and consider the grounds of error alleged by the appellants, in their brief and argument herein.

It is insisted, for the appellants, that the claim and demand in the probate court was the note alone; that the appeal brought that cause of action alone into the circuit court for a hearing *de novo*, and that the circuit court had no jurisdiction to hear and determine any other claim or demand; that the marriage contract read in evidence on the trial in the circuit court, was a new and independent claim and demand—a distinct cause of action—against the estate of said testator, other and different from that heard and tried below, and that the circuit court thereby committed error in permitting the same to be read in evidence on the trial upon said appeal. It is also insisted that the note, deed of trust and marriage contract (being all for the same $4,000 and made at the same time) constituted but one transaction and one debt; that they must be sued upon as a unit, and cannot be separated and divided, and the note alone sued upon, proved up and allowed, in the probate court; that the marriage contract alone furnished the consideration and created the liability, and that the note in question is without consideration, void and constitutes no cause of action, and that it was, therefore, error to overrule appellants' demurrer to plaintiff's evidence. The declarations of law asked and refused for appellants, were intended to announce and enforce these views, and will be noticed hereafter.

It may be conceded that the jurisdiction of the circuit court was appellate only, and that the only cause it could hear and determine was the one commenced and tried in the probate court, and that the note in question alone was that cause of action. But it does not follow that in admitting the marriage contract in evidence, the court thereby heard or determined a cause of action, other and different from that commenced and tried in the probate court. The only cause of action heard and tried in the circuit court, as we understand it, was that made by the note presented for allowance in the probate court. The marriage contract, it may be, and from the view we have taken of the case, was altogether unnecessary, as an instrument of evidence, to show that the note in question was based upon a valid and sufficient consideration, since, under our statute, the note itself imported a consideration, and was due and payable as therein specified. Rev. St. 1879, § 663. While, therefore, the marriage contract may not be and was not necessary as evidence of a consideration, its introduction as such could not in any way prejudice the rights or interests of defendants. It may also be that the note, deed of trust and marriage contract, all represent the same $4,000, and in a certain sense, may be treated as one entire transaction; yet in contemplation of law, they are but different declarations in writing of the one debt for $4,000, and not different debts for that amount. As such their introduction as evidence did not change or alter the cause of action then on trial, from what it was when tried and determined in the probate court. The note itself was still the only cause of action tried and determined in the circuit court on the appeal, and under the statute it imported a consideration, and did not need the aid of the other evidences of the same claim and debt, and their introduction as such could not have prejudiced the appellants in any way. This objection, therefore, is not well taken.

This view of the case, we think, also furnishes a complete answer to the other objections of the appellants.

Concede that these several papers, the note, deed of trust and marriage contract, all represent but one and the same debt; it does not follow that when legal proceedings become necessary to enforce its collection, they are so far a unit as to require their joint force and presence to constitute a cause of action. It may be, and doubtless is true, that a recovery and satisfaction of this one debt, upon any one of the several evidences thereof, would constitute a complete bar to a subsequent recovery upon any other one of said declarations of said indebtedness. It may also be that the marriage contemplated in said agreement, with its conditions, stipulations and incidents therein specified, was the common consideration of all these papers, yet it does not follow that that fact takes from the note its quality of importing a consideration, as provided by statute, or renders their presence necessary to a recovery, or makes their introduction as evidence work a change in the cause of action then on trial. There is, therefore, we think, nothing in these objections or in the declarations of law asked but refused, and, as all other questions in the cause touching the validity of the marriage, the identity of the claimant, the death of her former husband, and the performance of the conditions and stipulations contemplated and provided for in the marriage transaction, were properly submitted, under correct declarations of law applicable to the facts in evidence, we see no reason to disturb the finding and judgment of the circuit court.

The exclusion of the will of the testator, as well as the item or claim thereof offered in evidence by the appellants, could not possibly prejudice the appellants, since it only affirmed the marriage transaction, the note included, and at most was only a further and additional evidence of the same one indebtedness represented by the note sued on and allowed.

The authorities cited by appellants, properly considered, are not in conflict with the views herein expressed,

when applied to the facts of this case. For these reasons the judgment of the circuit court is affirmed. All the judges concur.