TRUSTEES OF LaGRANGE MALE AND FEMALE COLLEGE AT LaGRANGE, Appellants, v. JUDSON E. PARKER, Admr. of the Estate of H. C. PARKER, Deceased, Respondent.

St. Louis Court of Appeals. Submitted on Briefs, January 7, 1918. Opinion Filed February 5, 1918.

1. **BILLS AND NOTES:** Subscription to Endowment Fund: Consideration: Evidence. In a proceeding on a note payable out of the maker's estate twelve months after his death, and reciting that it was a subscription to the endowment fund of a college, evidence *held* to show that there was no consideration for the note.

2. ———: ———: ———. A note given as a subscription to the endowment fund of a college was a mere promise of a gift and unenforceable, where no consideration was given for the note, either by expending money or incurring enforceable liabilities in reliance thereon, or in any other way, especially where it was payable out of the maker's estate after his death.

3. **GIFTS:** Requisites: Consideration. No consideration is necessary to support a gift *inter vivos.*

Appeal from the Circuit Court of Lewis County.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

*H. H. Howard, Hilbert & Henderson* and *A. F. Haney,* for appellant.

(1) The note sued on in the case at bar is not an attempt to make a testamentary disposition of property, but is a non-negotiable promissory note, importing a consideration on its face. The fact that this note, by its terms, is made payable out of the maker's estate, twelve months after his death, does not constitute it an attempted testamentary disposition of money. Maze v. Baird, 89 Mo. App. 348. (2) The note sued on in the case at bar upon its face imports a consideration and if the defendant desired to rely upon the defense of want of consideration it was incumbent upon him to plead and prove a want of consideration. R. S. 1909, sec. 2774; Trustees of Christian University v. Hoffman, 95 Mo. App. 488-495; Maze v. Baird, 89 Mo. App. 348, 353; Houck v. Frisbee, 66 Mo. App. 16, 21; Hoffman v. Trust Co., 68 Mo. App. 177, 181; Feurt v. Ambrose, 34 Mo. App. 360, 367; Wulze v. Schaefer, 37 Mo. App. 551. (3) A note given as a donation to the endowment fund of the college imports a consideration just as truly as any other note or written promise to pay money, notwithstanding it is a note given as a donation to said fund. Trustees of Christian University v. Hoffman, 95 Mo. App. 488. So these notes import a consideration notwithstanding the fact that they are given as donations to an endowment fund. It is well recognized that the usual character of consideration ordinarily attaching to these notes are the expenses incurred, improvements made, professors hired, etc., in reliance upon these notes. Trustees of Christian University v. Hoffman, 95 Mo. App. 488; Koch v. Lay, 38 Mo. 147; McClanahan v. Payne, 86 Mo. App. 284, 290, 291; School District v. Sheidley, 138 Mo. 672, 684.

*Carroll Bozarth, H. S. Rouse* and *E. R. McKee,* for respondent.

(1) There is no evidence before the court that trustees accepted the charter. Acceptance was nec-

essary to make them a body corporate. Afterwards by an act approved January 16, 1860, (Laws of 1899 & 60, p. 131, abstract, p. 18), term of above-named trustees, by implication, was limited to time of annual meeting of Wyaconda Baptist Association in 1860, and it was therein provided, "At the annual meeting of the Wyaconda Association of Baptist Church in 1860 said Association shall divide the trustees of said college into three classes, and proceed to elect as follows: The first class for one year, the second class for two years, the third class for three years, and at each annual meeting of the Association thereafter three trustees shall be elected to serve for the term of three years." The evidence does not reveal the fact that such election was had, or that any election has ever been held under that act. Does not show any act was done at any time by any authorized party that could be construed into the acceptance of aforesaid charter, while acceptance was necessary to give it life. Acceptance is the breathing into a corporation the breath of life. It is dead until so brought to life. Rialto Co. v. Miner, 183 Mo. App. 119; State v. Dawson, 16 Ind. 40; People v. Michigan Cent. R. Co., 145 Mich. 140. (2) The court of civil appeals of Texas in Wasson v. Clarendon College and University Training School, 131 S. W. 852, fully considered the word, and above and foregoing definitions were approved and adopted under the facts and conditions of that case. Under above and foregoing definitions, the note means the same as though it read "As a gift to LaGrange College I promise to pay." It being a gift, it was a promise that he, payor, would give the amount at the date of the maturity of the note, twelve months after his death. School District v. Sheidley, 138 Mo. 672; Pennell v. Ennis, 126 Mo. App. 359. (3) Being a donation, a gift to take effect in the future, it was absolutely void. Harris Banking Co. v. Miller, 190 Mo. 640; In re Estate of Soulard, 141 Mo. 642.

REYNOLDS, P. J.—Plaintiff, appellant here, exhibited to the probate court of Lewis county a note for allowance against the estate of one H. C. Parker, deceased, that estate then being in the course of administration and in charge of Judson Parker, Administrator. The note exhibited is as follows:

"ENDOWMENT NOTE.

$1,000                    Ewing, Missouri, June 7, 1912.

For value received and as a subscription to the Endowment Fund of LaGrange College located at LaGrange, Mo., I promise to pay to the Trustees of said

LAGRANGE COLLEGE

the sum of One Thousand . . . . . . . . . Dollars.

Said sum to be paid out of my estate twelve months after my death, with interest from date at the rate of one per cent. per annum.

Without relief from valuation or appraisement laws and to be used as part of the endowment fund of said institution, the interest only to be used for current expenses.

Attest: J. D. SCOTT.          (Signed) H. C. PARKER."

The claim was originally presented in the name of "Trustees of LaGrange College of LaGrange, Missouri, a corporation." From a judgment of the probate court disallowing the claim, the trustees of the college appealed to the circuit court. There they were allowed to amend the claim and the proceedings in the probate court, then in the circuit court, by substituting the name "Trustees of LaGrange Male and Female College," substituting that name for "Trustees of LaGrange College," where that name appeared.

The only pleading on the part of the defendant administrator is an affidavit by him denying the corporate capacity of the plaintiff and denying that the claimants are the trustees properly elected or appointed. The case was tried in the circuit court on the appeal without any pleading other than the above on the part of the defendant but evidently tried on the ground of *nul tiel* corporation and of want of any consideration for the note.

At the trial in the circuit court, the amendment having been made in the title above stated, plaintiffs introduced the note in evidence, it being admitted that it bore the signature of H. C. Parker. They also introduced the Session Acts of 1858, p. 52, providing for the incorporation of LaGrange College under the name of LaGrange Male and Female College of LaGrange, and an amendment to the Act of incorporation, approved January 16, 1860 (see Laws 1859-60, p. 131), the amendment consisting of dividing the Board of Trustees of the college into three classes. It was in evidence and undisputed that while the corporate name was LaGrange Male and Female College of Lewis County, or at LaGrange, that the institution was commonly known as LaGrange College.

Plaintiffs then undertook to prove consideration for the note. The evidence tended to show that one J. D. Scott, who had signed as a witness to the note, had been getting up subscriptions to the endowment fund of the college and that he had delivered this note to the board of trustees of the college. When that delivery was made, does not appear. Under cross-examination of plaintiffs' witnesses the question of consideration was entered into and of this it may be said, without repeating it, that the treasurer of the corporation testified that he did not remember any consideration ever having passed for the note; that his records and his recollection did not show that Parker, the maker of the note, had ever paid anything on account of it. Asked if the note was evidence of a donation made by the deceased to the college, the most that the treasurer was willing to say was that the note had been brought to him by Mr. Scott, who was authorized to obtain money for the college and to receive donations for the college. But this witness, who had been treasurer during the whole time, asked if the college had ever paid Parker anything in consideration for the note, said, "Not in my remembrance." Asked if he had any record of paying him anything, he answered, "Not that I know of," and asked if he remembered that he, as treasurer, had ever paid any

money to Parker for the college, he answered that he did not think he did, and admitted that in his deposition, which had been taken in the case, he was asked if the note was a donation, to which he answered that it was, and that as he remembered, it was a donation to some fund.

With this testimony and what may be called negative testimony of a professor, possibly, now, certainly at one time president of the college, to the effect that he knew nothing at all about the transaction, plaintiffs rested, defendant introducing no testimony.

The cause was tried before the court without a jury and at the instance of the plaintiffs the court gave three declarations of law. The first was to the effect that the note in question upon its face imports a consideration therefor and that the burden of proof was upon the defendant to show that the note is without any consideration and that unless it is proven by evidence introduced in the case that the note is without consideration, the finding of the court must be that there was a consideration for the note.

The court refused the second declaration asked by plaintiffs, which was to the effect that the evidence in the case failed to prove that the note in controversy is without consideration, and the finding of the court is therefore that the note is supported by a consideration.

There was a finding and judgment for defendant, from which plaintiffs have duly appealed.

We find no serious objection to any of the declarations given nor to the action of the court in refusing the second asked.

While the defendant introduced no evidence, it may be said that the evidence elicited from the plaintiffs' own witnesses fails to show any consideration for the note.

In a case of this kind the substantial and most important controversy is whether, under the evidence, any consideration for the note sued upon is shown, and it may be said that plaintiffs' own evidence, developed on cross-examination and in no way contradicted in the

direct testimony, made it clear that the maker of the note received no benefit for his promise which can be regarded as a sufficient consideration to support it. That, says our Supreme Court in School District of Kansas City v. Sheidley, 138 Mo. 672, l. c. 683, 40 S. W. 656, is the really important point to be settled; that is, whether under the evidence any consideration for the note sued upon was shown. The case therefore stands before us as a gift to take effect on the death of the maker of the note, payable after his decease out of his estate and is non-enforcible. No consideration is necessary to support a gift *inter vivos* [12 R. C. L., p. 932, sec. 10.]

"The delivery of an unsealed written declaration of a gift without a delivery of the property, like a parol declaration of a gift, stands upon the footing of a mere promise to give and is void at law. . . . It is well settled as a broad general rule that a promissory note executed without consideration and intended merely as a gift *inter vivos* to the donee, cannot be made the basis of a recovery either at law or in equity by the donee against the donor or against his estate after his death. This is upon the ground that such a note is a mere promise, and that the gift of the note is the delivery of a promise only and not the thing promised, and a note without consideration, payable out of the estate of the maker after his death, is void." [12 R. C. L., pp. 937 and 940, secs. 14 and 17.] In School District v. Sheidley, supra (l. c. 683) it is further said: "That the note of a donor to a donee is not the subject of a gift is well settled law. Such a note is but the promise of the donor to pay money in the future. The gift is not completed until the money is paid. There is no delivery of the gift, but a mere promise to deliver in the future. Such a note, treated purely as a gratuitous promise, cannot be enforced either in law or equity." It is further said in the above case (l. c. 684): "The question then is, can these notes be enforced as valid contracts, notwithstanding Sheidley received no benefit therefrom, and intended them as purely gratuitous donations? If so there must

have been a legal consideration moving from the district to him. To constitute such consideration it is not essential that Sheidley should have derived some benefit from the promise. The consideration will be sufficient to support the promise, if the district expended money and incurred enforcible liabilities in reliance thereon. If the expense was incurred and the liability created in furtherance of the enterprise the donor intended to promote, and in reliance upon the promises, they will be taken to have been incurred and created at his instance and request, and his executors will be estopped to plead want of consideration. The gratuitous promises will thus be converted into valid and enforcible contracts." Many authorities are cited in support of this proposition.

In the case at bar there is no evidence whatever that this institution expended any money or incurred any enforcible liabilities in reliance upon the note, nor of any of the other factors held sufficient to afford a consideration.

In Harris Banking Co. v. Miller et al., 190 Mo. 640, 89 S. W. 629, the matter of gifts is very learnedly discussed, in connection, however, with the question of a trust, and it was there held that the words there used were a sufficient declaration of a trust, the court holding that it does not follow because a party cannot establish a perfect gift *inter vivos*, he may not show a valid executed express trust in his favor and have it enforced. We have no such case here.

In Methodist Orphans' Home Ass'n v. Sharp's Exec., 6 Mo. App. 150, it is held that gratuitous subscriptions for charitable purposes cannot be enforced unless the promisee has, in reliance on the promise, done something; that there being no consideration to support the promise, it cannot be enforced.

In Maze v. Baird, 89 Mo. App. 348, recovery was had on a note because the evidence showed a consideration for the giving of it, the note there being payable after the death of the maker and out of his estate. Our court passing on that case went into a careful examination of

the evidence, holding that it did show a consideration moving between the parties for the giving of the note, and we there held that under the evidence there was a mere postponment of payment, evidenced by the note.

The same subject is discussed by Judge BARCLAY, then of our court, in Trustees of Christian University v. Hoffman, 95 Mo. App. 488, 69 S. W. 474. That was a note payable to the institution on account of its permanent endowment fund and on certain conditions. That learned judge discussing the evidence and the matter under consideration, held that it is the settled law of this State that where a promise, evidenced by a note, "has been made to an institution like that of the plaintiffs, and, before the promise is withdrawn, obligations have been created or expenses incurred by the promisee upon the faith of the promise, these facts furnish a consideration to support the original agreement, although, in the first instance, it may have partaken somewhat of the nature of a gift." Among other authorities cited in support of this is School District v. Sheidley, supra. See also Pennell v. Ennis, 126 Mo. App. 355, 103 S. W. 147, where it is held that a check drawn on the drawer's general account in bank will not constitute a gift to the payee of the amount of the check, if it is neither accepted nor paid prior to the death of the drawer. This, our court said, is true whether the transaction is regarded as *inter vivos* or *causa mortis*, a complete delivery being essential to a valid gift. The authorities are fully discussed by Judge GOODE in his opinion in that case. There Judge GOODE distinguishes Harris Banking Company v. Miller, supra, and like cases involving trusts, from the case then before the court. See also Citizens National Bank v. McKenna, 168 Mo. App. 254, 153 S. W. 521, where the question was before the Kansas City Court of Appeals, arising over a certificate of deposit, and that court held that in order that there may be a valid gift of personal property, in addition to an intention to give, there must be an actual delivery. There also Harris Banking Co. v. Miller, supra, is distinguished.

In brief all the authorities to which our attention has been called, or which we have found, are one way: namely, that there must appear a consideration back of a note, to make it otherwise than a mere gift, especially so, when by its very terms it is to be paid out of the estate of the maker, as here.

Our conclusion is that the trial court committed no error in refusing the declaration of law asked and in finding for the defendant, administrator, and refusing to allow the note as a demand against the estate of the decedent.

The judgment of the circuit court is affirmed. *Allen* and *Becker, JJ.,* concur.