ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1925.

*(Continued from Volume 216.)*

LEO P. SCOTT, Plaintiff, v. ANTOINETTE CRIDER, Administratrix of the Estate of MARCELLA EMERSON, Deceased, Defendant-Respondent, AN-NIE CREECH, KATE CREECH, EFFIE CREECH, RUTH DAY and MRS. GEORGE WIL-KINSON, Movants-Appellants.*

St. Louis Court of Appeals. Opinion filed May 5, 1925.

1. **APPEALS: Judgments: Motion to Vacate: Overruled: Final Judg-ment from Which Appeal or Writ of Error Will Lie.** The order of a trial court overruling a motion to vacate a judgment, whether for irregularity on the face of, or *dehors* the record, is the same, and in each case is a final judgment from which an appeal or writ of error will lie.

2. **EXECUTORS AND ADMINISTRATORS: Claims Against Estates: Power to Compromise: Consent of Probate Court.** Executors and administrators may, with the consent of the probate court, com-promise actions pending in favor of or rights of action belonging to the testator or intestate.

3. **GIFTS: Inter Vivos: Consideration: Promissory Note Executed Without Consideration as Gift Inter Vivos: Cannot be Made Basis of Recovery by Donee Against Donor or His Estate.** It is a general

(1)

rule that a promissory note, executed without consideration and intended merely as a gift *inter vivos* to the donee, cannot be made the basis of a recovery either at law or in equity by the donee against the donor or against his estate after his death.

4. **BILLS AND NOTES:** Invalidating Provision in Note: Consideration: Evidence. A promissory note, presented as a demand against the maker's estate, which contained a provision "in case I recover from this illness, this note is void," *held* not void for want of consideration where the uncontradicted evidence disclosed that there was a legal consideration for the note.

5. **EXECUTORS AND ADMINISTRATORS:** Claims Against Estates: Compromises: Compromise of Suit and Claims Against Estate Approved. The action of an administratrix in compromising a $15,000 suit for personal services rendered to intestate and also claims on notes aggregating $12,000, for $6750, upon advice of counsel learned in the law and with the approval of the probate court in which the estate was being administered, obtained in advance, approved, it appearing that the administratrix throughout acted in good faith and effected the compromise judgments acting in the best interest of the estate without any ulterior motive, and this whether one of the notes given in part payment for such services be held to be a valid claim against the estate or not.

---

*Headnotes 1. Appeal and Error, 3 C. J., Section 355; 2. Executors and Administrators, 23 C. J., Sections 451, 452; 3. Gifts, 28 C. J., Section 62; 4. Bills and Notes, 8 C. J., Section 364; 5. Executors and Administrators, 24 C. J., Section 1227.

Appeal from the Circuit Court of St. Charles County.—
*Hon. E. B. Woolfolk,* Judge.

AFFIRMED.

*Taylor R. Young* for appellants.

*Emil P. Rosenberger* for plaintiff.

(1) The affidavit for an appeal filed in the circuit court is insufficient to give this court jurisdiction of this appeal. (2) At most, there is nothing for this court to review except the record proper because appellants' abstract of the record fails to show that any bill of excep-

tions was ever filed. (3) The motion filed by appellants to set aside plaintiff's judgment is not a part of the record proper and is not preserved in the bill of exceptions, hence, at most, there is nothing for this court to review except the record proper, and appellants are not entitled to have the order of the court overruling the motion complained of reviewed by this court. Bank of Dexter v. Stoddard County Bank, 169 Mo. 74; Graff v. Dougherty, 120 S. W. 661, 139 Mo. App. 56; Pickle v. Pickle, 159 S. W. 74, 176 Mo. 673; Poncot v. St. Louis & Iron Mt. & Southern Ry., 161 S. W. 1190, 176 App. 225. (4) (a) The movants mistook their remedy. They should have filed their motion in the probate court instead of in the circuit court under section 211, R. S. 1919, to set plaintiff's allowance aside. Keele v. Keele, 118 Mo. App. 262, 94 S. W. 775. (b) But movants did not give any notice to plaintiff of the filing of their motion to set aside plaintiff's judgment or allowance, and the circuit court had no jurisdiction, without notice to plaintiff, to set his judgment aside, and this court, cannot acquire such jurisdiction on appeal. Caldwell v. Lockridge, 9 Mo. 358; Aull v. Trust Co., 149 Mo. 14; Ault v. Bradley, 191 Mo. 709. (5) The right to an appeal is purely statutory, and unless section 1469, R. S. 1919, gives such right appellants have no standing in this court. Creech et al. v. Young, 94 Mo. 90, 67 S. W. 963; Tamblyn v. Chicago Lead & Zinc Co., 161 Mo. App. 296, 143 S. W. 1093; State ex rel. Fuemler v. Goldstein, 237 S. W. 814, 209 Mo. App. 102; Lowe v. Fredde, 258 Mo. 208, 167 S. W. 443; Bonanomi v. Purcell, 287 Mo. 436, 230 S. W. 120. (6) (a) An administrator represents the creditors as well as the heirs in collecting debts and prosecuting and defending claims. Perkins v. Goddin, 111 Mo. App. 440. (b) An executor stands in the position of a trustee and enjoys like powers and incurs like liabilities. Hill v. Evans, 91 S. W. 1022, 114 Mo. App. 715-722. (c) Unquestionably executors and administrators may, with the consent of the probate court, compromise disputed claims

in which the estate is the claimant. Sec. 233, R. S. 1919; Jacobs v. Jacobs, 99 Mo. 427; Jefferies, Admr., v. Mutual Life Ins. Co., 110 U. S. 305. (d) The same rule holds good in case of a claim being presented against an estate. 3 Schouler on Wills & Executors (6 Ed.), sec. 2644; In re Estate of Christina Hesche, dec'd, 73 Mo. App. 612; In re Jarboe's Est., 227 Mo. 591, 127 S. W. 26; Lakes, Admr., v. Pattie et al., 81 S. E. 78; Brown & Bros. v. Brown et al., 14 Atl. Rep. 718; Powell v. Meyers, Exr., 21 N. C. 502; Bennett and Wife v. Folmer, 49 Penn. St. Rep. 155; Scully v. Scully, 201 N. Y. 61; Dunn v. Wallingford, 155 Pac. Rep., 350. (7) An action will in all cases lie upon a contingent note on proof of the happening of the contingency, and after the contingency has happened it may be declared on as a note. 1 Randolph on Commercial Paper (2 Ed.), par. 95; Crow v. Hamon, 25 Mo. 417; Kessler v. Clayes, 147 Mo. App. 88; Robbins v. Robbins Est., 175 Mo. App. 609; McGehee v. Childress, 2nd Stew. 506; Williams v. Smith, 3 Ill. 524; Congregational Society v. Goddard, 7 N. H. 430; Nagle v. Homer, 8 Calif. 353; Hatch v. Gillette, 40 N. Y. Sup. 1016; Miller's Exrs. v. Western College of Toledo, 42 L. R. A. 797; Stout v. Watson, 48 N. W. 195; Halstead v. Ryan, 57 Pac. 852.

*Charles J. Daudt* and *B. H. Dyer* for respondent.

(1) The appeal in this case is without merit and the case not entitled to review in this court, because the appeal was not taken from the final judgment in the case, but from the court's order overruling movants' motion to set aside that judgment. The statute, R. S. 1919, section 1469, allows an appeal from any order granting a new trial, but not from an order refusing a new trial. Lowe v. Friede, 157 Mo. App. 69, 572; Lowe v. Friede, 258 Mo. 208, 210, 211. (2) The judgment below should be affirmed, because the abstract of the record fails to show that the bill of exceptions was filed and made a

part of the record. No record entry of the circuit court showing the filing of a bill of exceptions or order making it a part of the record in the case is set out in the abstract of the record. In this State of the record there is nothing for this court to review but the record proper. Hayes v. Foos, 223 Mo. 421; Hutson v. Allen, 236 Mo. 645; Atlas Cereal Co. v. Griffin, 259 S. W. 130; Kampf v. St. L. Transit Co., 102 Mo. App. 314. (3) Movants' motion, filed August 9, 1923, asking the court to set aside the judgment in favor of plaintiff rendered June 11, 1923, was never incorporated or preserved in the bill of exceptions and made a part of the record in the case, for which reason the order of the court in overruling the same is not the subject of review in this court. (4) The judgment below should be affirmed, because no motion for a new trial by the movants was noted, copied, shown or preserved by a bill of exceptions in this case, nor is there any showing in a bill of exceptions that an exception was saved to a ruling of the court overruling such a motion. (5) The motion of movants to set aside the judgment in plaintiff's favor of June 11, 1923, was not filed within four days after said judgment was rendered. (6) (a) The motion of movants to set aside the judgment in favor of plaintiff of June 11, 1923, does not state facts clearly showing that a serious injustice has been done or a fraud perpetrated by means of that judgment. (b) No notice of the filing of said motion or of movants' intention to file or present the same was given to the plaintiff in the judgment, nor did said plaintiff appear to the proceedings on said motion, and hence the circuit court had no jurisdiction to set aside said judgment as moved for by movants, and any order sustaining said motion would have been void. While a court may set aside, amend or modify its judgments during the term at which they are rendered, it has been clearly settled that this power can be lawfully exercised only upon due notice to the party whose rights are to be affected. Caldwell v. Lockridge, 9 Mo. 358; Aull v.

Trust Co., 149 Mo. 1; Ault v. Bradley, 191 Mo. 709; Laughlin v. Fairbanks, 8 Mo. 367; State v. Biesemeyer, 136 Mo. App. 668; Parker v. Johnson, 22 Mo. App. 576; Railroad v. County, 55 Mo. 162; Curfman v. Deposit Co., 167 Mo. App. 507; Laun v. Ponath, 91 Mo. App. 271. (7) The motion of movants to set aside the judgment rendered between the parties on June 11, 1923, was at best an appeal to the sound discretion of the trial court. That court's action will not be interfered with by an appellate court, except upon a clear showing that its discretion was abused or arbitrarily exercised to the serious injury or deprivation of the appellants. (8) (a) While the notes given by Marcella Emerson to Lizzie Crider and Leo P. Scott, respectively, and which are the basis of the judgments complained of, may not be negotiable promissory notes under our Negotiable Instruments Act or under the law Merchant, they do, by mandate of an express statute, long in force in this State, import a consideration and are due and payable as therein specified. R. S. 1919, sec. 2160; Lindell v. Rokes, 60 Mo. 249; Hempler v. Schneider, 17 Mo. 258; Wulze v. Schafer, 37 Mo. App. 551; Skinner v. Skinner's Exr., 77 Mo. 148; Caples v. Branham, 20 Mo. 244; Hauck v. Frisbe, 66 Mo. App. 16; Hoffman v. Trust Co., 68 Mo. App. 177; Locker v. Kuechenmeister, 120 Mo. App. 701. (b) In the face of a showing that the payees in those notes had rendered services to the maker thereof, it is doubtful, to say the least, whether the administratrix could lawfully show that the actual value of the services rendered were less than the amount specified in the notes and claim a partial failure of consideration, as the maker of the note specified the value of the services and the amount was acceptable to the payees, the instruments themselves importing a consideration and being made payable as therein specified. Hempler v. Schneider, 17 Mo. 258; Wirt v. Schuman, 67 Mo. App. 163; Brown v. Weldon, 27 Mo. App. 251. (c) While the administratrix contended that these instruments were testamentary in character and void for that reason, the probate court found against

that contention, and, in the light of the adjudicated cases, it is by no means certain that she could have defeated recovery on that ground. Wood v. Flannery, 89 Mo. App. 632; Maze v. Baird, 89 Mo. App. 348; Robbins v. Robbins Est., 175 Mo. App. 609; Campbell v. Thompson, 192 Ill. App. 416; 8 Corpus Juris 118. (9) The validity of the judgment in favor of plaintiff is questioned by movants on the ground of fraud. It is elementary law that in such an attack: (a) The facts constituting the fraud be distinctly alleged and clearly proven. (b) And the fraud must consist in the procurement of the judgment. The movants failed to meet any of these requirements.

BECKER, J.—Appellants here filed a. motion in the circuit court to be made parties defendant in the. case and to set aside a certain judgment rendered in favor of plaintiff and against the estate of Marcella Emerson, defendant. Said motion was overruled and in due course the movants appeal.

There is no real controversy so far as the facts involved in the case are concerned. One Marcella Emerson, a resident of St. Charles County, Missouri, an unmarried woman. died intestate on March 31, 1919. She left an estate valued at approximately $30,000, and left surviving as her heirs at law three sisters of the whole blood, the children of one deceased sister of the whole blood, and the descendants of three deceased sisters of the half blood. Mrs. Antoinette Crider, one of her surviving sisters and heirs at law, qualified as administratrix of her estate.

On November 10, 1919, Lizzie Crider, a niece of the deceased, Marcella Emerson, and a daughter of the administratrix, Antoinette Crider, upon due notice given, filed and presented for allowance against said estate a demand based upon a note of the said Marcella Emerson, for the sum of $7000, and on the same day Leo P. Scott, a nephew of the decedent and of the administratrix,

also filed and presented for allowance against said estate a demand for $5000 based upon a note of the said Marcella Emerson.

The said note to Lizzie Crider was in words and figures as follows:

"$7000                    O'Fallon, Mo.   March 27th, 1919.

"Fifteen days after date I promise to pay to Lizzie Crider seven thousand dollars for value received negotiable and payable without defalcation or discount and with interest from date at the rate of 4 per cent per annum.   In case I recover from this illness this note is void.

"M. EMERSON."

The Scott note was identical except that it was for $5000 and was payable to Leo P. Scott.

On March 15, 1920, said Leo P. Scott filed suit in the circuit court of St. Charles county against the estate of said Marcella Emerson for $15,000 for services alleged to have been rendered deceased by him for over a period of more than eighteen years.

The claim of said Lizzie Crider against said Marcella Emerson's estate was allowed for the full amount of the note and interest, aggregating $7560.   The administratrix promptly appealed from the judgment of the probate court to the circuit court.

The demand of Leo P. Scott was tried in the probate court and resulted in a hung jury, and thereafter, on stipulation, a judgment was entered in the probate court in favor of the estate and the cause appealed to the circuit court.   Early in 1923 the appeals of both the Scott and Crider claims were pending in the circuit court as well as Scott's suit for $15,000 for personal service rendered the deceased during her lifetime.   Then it was that negotiations were begun in an endeavor to effect an adjustment of these several suits.   These negotiations resulted in tentative agreements to the effect that the plaintiff, Lizzie Crider, should take judgment against the estate for $3250 in full settlement of her demand, and

that the claimant Leo P. Scott should take judgment against the estate for $3500 in full settlement of all his demands. These compromise agreements were made subject to the approval of the probate court of St. Charles county, in which the administration of the estate was pending.

The said probate court, after due deliberation, concluded that such a compromise adjustment of the several suits would be to the interest and advantage of the estate, and entered its order approving the compromise and directed the administratrix to carry out said compromise, and thereupon the circuit court, on June 11, 1923, entered judgment in conformity therewith. By this compromise adjustment the administratrix, with the approval of the probate court, obtained a settlement of litigated claims amounting to $27,000 for $6750.

On August 9, 1923, nearly two months after these compromise judgments had been entered Annie Creech, Kate Creech, Effie Creech, Ruth Day and Mrs. George Wilkinson (appellants here) filed motions in the circuit court to be made parties defendants in the case and to set aside the said compromise judgments theretofore entered in favor of the plaintiff, Lizzie Crider, for $3250, and in favor of Leo P. Scott for $3500. However no copy of said motions or notice of the filing of the same, were ever served upon either Lizzie Crider or Leo P. Scott.

The movants' said motions, praying to be made parties defendants and to set aside the judgments entered on stipulation, alleged that each of the compromise judgments had been entered without consent of the movants who were entitled to three-elevenths in and to the estate, and that the administratrix had a perfect defense to each and every claim made by the said Scott and Lizzie Crider, and that the "said compromise and adjustment heretofore filed in this cause and upon which the judgment sought to be set aside in this cause is bottomed, is fraudulent and void and was entered into in opposition to these petitioners' rights and demands."

A reading of the record before us discloses that no testimony was adduced on hearing of said motions which tended to support the allegations therein, that the compromise had been effected by fraud. Furthermore the uncontradicted testimony tends to show that both Lizzie Crider and Leo P. Scott had for many years prior to the death of the said Marcella Emerson performed services for her, at her request, for which services no payment had been made or remuneration attempted by the said Marcella Emerson excepting the giving of the notes in question by her during her last illness to the said Lizzie Crider and Leo P. Scott. The testimony further discloses that at the time Marcella Emerson executed the said notes to her nephew and niece she told them that if she recovered from her sickness she wanted the notes returned to her and she would make other arrangements in regard to compensating each of them for the services which they had rendered her, and that it was in conformity with that request that the words, "in case I recover from this sickness, this note is void," was inserted in each of the notes.

We are met at the outset with the contention that there is nothing before this court to review in that the appeal herein was not taken from the final judgment in the case but from the trial court's order overruling movants' motion to set aside that judgment. The point is without merit.

Our Supreme Court has discussed this question most fully in the cases of Norton v. Reed, 281 Mo. 482, 221 S. W. 6, and Scott v. Rees, 300 Mo. 123, 253 S. W. 998, and has clearly demonstrated therein that the action or order of a trial court on a motion to vacate a judgment, whether for irregularity on the face of or *dehors* the record, is the same, and in each case is a final judgment from which an appeal or writ of error will lie.

Whether an executor or administrator has the power to permit a compromise judgment to be entered against the estate has not been directly decided in this State.

However there is abundant authority in other jurisdictions upholding such power in the personal representatives of the deceased.

The Supreme Court of the United States in Jeffries v. Mutual Life Insurance Company of New York, 110 U. S. 305, l. c. 309-10, held that an "administrator had the usual power of a trustee over the estate, under his responsibility for a breach of his trust. [Perry on Trusts, sec. 482; Overfield v. Bullitt, 1 Mo. 537.] The authority given him by statute (Wag. Stat., vol. 1, p. 87, sec. 26). to commence and prosecute actions fairly includes the power to make such reasonable contracts in regard to compensation and the compromising of actions on doubtful claims as the circumstances of particular cases may justify. The fact of the enactment in Missouri of a statute, which went into effect November 1, 1879, Revised Statutes of Missouri, of 1879, vol. 1, p. 37, sec. 242, giving power to an administrator to compound with a debtor, with the approbation of the judge of probate, does not imply that the power did not exist before without such approbation. This transaction occurred before such enactment. An administrator has general power to dispose of the personal effects of his intestate, 2 Williams on Exrs. (6 Am. Ed.), p. 998; and to compound a debt, if it is for the benefit of the trust estate. [3 Id., p. 1900, and note g2.] And, even when statutes exist providing for compromises with debtors with the approval of a probate court, it is held that the right to compromise which before existed is not taken away, but may be exercised subject to the burden of showing that the compromise was beneficial to the estate. [Wyman's Appeal, 13 N. H. 18; Chouteau v. Suydam, 21 N. Y. 179; Chadbourne v. Chadbourne, 9 Allen, 173.]"

In Woolfork's Adm. v. Sullivan, 23 Ala. 548, l. c. 556-7, the court says: "We do not understand the doctrine to be questioned on either hand, that an executor or administrator in this State has all the rights and

powers which he has by the common law, except so far as those rights and powers have been modified or abridged by statute.

"But the power of an executor or administrator to compromise actions pending in favor of, or rights of action belonging to the testator or intestate, by the common law, if done *bona fide,* is not denied, and this power has not been affected by statute in Alabama." . . .

"Having this right and such an interest and no more, and being invested by his office and the law with the power, in his discretion, to bring suit or to compromise and settle the claim without suit, he was not absolutely bound to sue and recover the property itself, or have its value ascertained by suit; but, if acting *bona fide,* without fraud or collusion, he might settle the claim without suit, and release and discharge this right of action to any of these parties for a valuable consideration. The interests of creditors and distributees require, as we feel well persuaded, that executors and administrators should have such a power.—A judicious and timely compromise would often prove highly beneficial to creditors and distributees. The fidelity of the administrator, the *bona fides* of his conduct in making such settlement or compromise, would be always open to inquiry by the parties in interest."

"An administrator has the full legal title to all choses in action due the estate of the decedent and he may, in the absence of fraud or collusion, release, compromise or discharge them as fully as if he was the absolute owner, being answerable only for any improvidence in the exercise of the power. [Butler v. Zozzan, 81 Ala. 493; Logan v. Coal Co., 139 Ala. 548." Carr v. Ry. Co., 180 Ala. 159, l. c. 165.]

"The power of an executor or administrator at common law to compromise or submit to arbitration, disputed claims in favor or against the estate which he represents is undoubted. [Chadbourne v. Chadbourne, 9 Annel. 173; Bean v. Farman, 6 Pick. 269; Chase v. Bradley,

26 Me. 531; Chouteau v. Suydam, 21 N. Y. 179, 184; Wood v. Tunnicliff, 74 N. Y. 38; Murray v. Blatchford, 1 Wend. 583, 616; Rogers v. Hand, 39 N. J. Eq. 270, 271.]'' [Parker v. Steamboat Co., 17 R. I. 376.]

In Rogers v. Hand, supra, which was a case in which the executors compromised and settled a claim against the estate, without suit, the court said: ''When they act in good faith those who would impeach their conduct must show fraud or mistake, or that they have acted without authority or contrary to law. They may compromise a law suit, may buy the peace of the estate and extinguish even doubtful claims against it provided they act discreetly and in good faith.''

The Supreme Court of this State in Jacobs v. Jacobs, 99 Mo. 427, l. c. 434, 12 S. W. 457, quoted with approval Schouler on Executors and Administrators, sec. 386, to the effect that ''the universal test for modern times should be whether in compromising or submitting to arbitration, the representative acted with fidelity and due prudence,'' and in the same case reaffirmed what they had ruled in Merritt v. Merritt, 62 Mo. 150, that ''the prevailing rule now established in this court is, that executors and administrators stand in the position of trustees to those interested in the estates upon which they administer and are liable only for want of due care and skill, and that the measure of care and skill required of them, is that which prudent men exercise in the transaction and management of their own affairs,'' and under the facts in the Jacobs case our Supreme Court held that ''applying this rule to the compromise made by the executors in this case, and on principle it cannot be seen why it should not be applied, it abundantly appears from the evidence that the executors, in making this compromise, acted diligently, in good faith, with all the prudence, care and skill that a prudent man with the light then obtainable with regard to the value of the securities, the situation of the testator's affairs, the relation they sustained to the obligations which the estate held against

them, could have exercised, in a manner which then seemed to be for the best interests of the estate."

We are satisfied both upon reason and authority, and so rule, that executors and administrators may, with the consent of the probate court, compromise actions pending in favor of or rights of action belonging to the testator or intestate.

Appellants contend that the note given Scott by Marcella Emerson during her lifetime, and upon which the compromise judgment was rendered below, was void for want of consideration, and argue that the want of consideration appears from the very terms and language of the note itself, in that it provides, "in case I recover from this illness this note is void."

We readily concede that "it is well settled as a broad, general rule that a promissory note executed without consideration and intended merely as a gift *inter vivos* to the donee cannot be made the basis of a recovery either at law or in equity by the donee against the donor or against his estate after his death. This is upon the ground that such a note is a mere promise and that the gift of the note is the delivery of a promise only and not the thing promised, and a note without consideration payable out of the estate of the maker after his death, is void." [12 R. C. L., pp. 937 and 940, secs. 14 and 17; Trustees of LaGrange College v. Parker, 198 Mo. App. 372, l. c. 378, 200 S. W. 663; School Dist. of Kansas City v. Sheidley, 138 Mo. 672, l. c. 683, 40 S. W. 656.]

But the record before us clearly discloses that there was a legal consideration for the Scott as well as the Crider note, in fact no evidence was introduced in contradiction thereto. In this state of the record there is no merit in the point sought to be raised that the note is void for want of consideration. [Wood v. Flanery, 89 Mo. App. 632, l. c. 640-1-2; Skinner v. Skinner's Executor, 77 Mo. 148; Robbins v. Estate of Robbins, 175 Mo. App. 609, l. c. 615, 158 S. W. 400; Maze v. Baird, 89 Mo. App. 348; Earl v. Peck, 64 N. Y. 596; Campbell v. Thomp-

son, 192 Ill. App. 415.] As to right to introduce parol evidence in support of recital in note itself as to the consideration on which it is founded, see Kessler v. Clayes, 147 Mo. App. 88, 125 S. W. 799, and cases therein cited.

Scott, plaintiff below, did not claim that his note fell within the definition of a negotiable promissory note as defined by our Negotiable Instrument Act. Plaintiff's position below was that the instrument in question was a contingent promissory note given for a valuable consideration, and that the contingency, namely, the death of the maker having occurred, the note became enforceable.

There are cases holding that the plaintiff's viewpoint is well taken and that the instrument in question, under the record in this case, was a valid subsisting claim against the decedent's estate and enforceable as such against it. [Clark's Appeal, 57 Conn. 565; Crow v. Harmon, 25 Mo. 417; 1 Joyce, Defenses to Commercial Paper, sec. 494; 1 Randolph, Commercial Paper (2 Ed.), p. 95.] But whether the note itself be held to be a valid claim against the estate or not, the administratrix was still confronted with Scott's suit for $15,000 for personal services alleged to have been rendered to the deceased during her lifetime, which claim the testimony in the record before us discloses could in all probability have been established and for an amount in excess of the face of this said note itself.

In this situation, upon advice of counsel learned in the law and with the approval of the probate court in which the estate was being administered, obtained in advance, the administratrix effected a compromise of the entire litigation pending between both Lizzie Crider and Leo P. Scott and the estate, whereby she settled claims aggregating $27,000 for the agreed sum of $6750.

We are satisfied and so rule that the administratrix throughout acted in good faith and effected the compromise judgments acting in the best interest of the estate and without any ulterior motive whatsoever.

State ex rel. v. Miller.

In light of what we have said above we do not discuss the alleged defects in appellants' abstract or the alleged failure of serving of notice of the motion to dismiss upon the plaintiff, Leo P. Scott. .

The action of the trial court in overruling the motion to make the movants below, appellants here, parties defendant, and to dismiss the judgment theretofore entered in favor of plaintiff and against the defendant was well ruled, and the judgment is accordingly affirmed. *Daues, P. J.,* and *Nipper, J.,* concur.