Tompkins, J.,
delivered the opinion of the Court.
The plaintiff sued the defendant on two notes, in two actions, before a Justice of the Peace, and there had judgment. Marney, the defendant, removed these cases to the Circuit Court of Boone county, by writ of certiorari, and moved to set aside the proceedings for the following reasons, assigned in writing: First. The execution does not run in the name of the State. Second. The summons does not run in the name of the State. Third. The return of the officer is defective as made upon the summons. The Court set aside the proceedings, and then, on another motion dismissed the suits for want of jurisdiction, and gave the defendant, Marney, judgment for costs. To reverse this judgment these causes are brought into this Court. The defendant makes the following points : First. The Justice’s summons is defective, because it does not run in the name of “the State of Missouri.” Second. The said summons is defective, because it. does not show that the sum sued for is under ninety dollars. Third. That the Constable’s return is not according to law.
First. The Constitution of the State requires that all process shall run in the name of the State of Missouri, and.as it appears by the record that the original summons did not so run, the Court is of opinion that the proceedings before the Justice of the Peace were well set aside by the Cricuit Court. Second. The statute (see Digest, *383 p. 383) prescribes the form of a summons, and does not require that it should show the amount demanded, or that the demand does not exceed ninety dollar's. If a Justice was so incautious as to issue a summons on a note exceeding ninety dollars, the defendant must take advantage of the error on trial. Rut the notes sent up by the Justice to the Circuit Court, as copied into the record from that Court, do not exceed ninety dollars. The Court, then, is of opinion that the Circuit Court erred in dismissing these suits for want of jurisdiction. Third. The return of the Constable is, "the within lawfully executed on the 30th day of January, A. D. 1825;” the return is certainly bad. It was the duty of the officer to return how he had served the process. The statute requires service to be made by reading the original summons in hearing of the defendant, or leaving a copy, &c., at least six days before the time of hearing. The Constable here has undertaken to decide on the legality of his own return, and neglected to state how'or where he served the process. . The judgment of the Circuit Court is reversed, and the two causes remanded to that Court for further proceedings; and that Court is directed to allow the plaintiff to go to trial on the merits, and allow the defendant, Mamey, his cost of reversing the judgment before the Justice, and let the costs accruing before the Justice of the Peace abide the issue of the suits.
The plaintiff in ereof is allowed his costs in this Court.