## JEFFRIES, Administrator, *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Argued and submitted January 16th, 1884.—Decided February 4th, 1884.

*Error—Contract—Copartnership.*

K. died in Missouri, in 1871, having a policy of insurance on his life. J. was appointed there his administrator. L. and T., copartners as attorneys at law, brought a suit on the policy, in which, after a long litigation, there was a judgment for the plaintiff for $13,495, in 1877, in a Circuit Court of the United States. J. had died in 1873, and C. had been appointed administrator in his place, and substituted as plaintiff. The case was brought into this court, by the defendant, by a writ of error. Before it was heard here L. compromised the judgment with the defendant, in 1879, receiving in full $9,401.42, and entered satisfaction of the judgment on the record. C. then moved the Circuit Court to vacate the satisfaction, on the grounds that L. had no authority to enter it, and had been notified by C., after the compromise had been made and before the satisfaction had been entered, that he would not ratify the compromise, and that the compromise was unlawful because not authorized by the Probate Court. The Circuit Court heard the motion on affidavits, and found as a fact, that J. while administrator, entered into a contract with L. and T., whereby they agreed to prosecute the claim for a portion of the proceeds, with full power to compromise it as they should please, and that the claim was a doubtful one, and held that the compromise was rightly made, and that the plaintiff was bound by the contract of J. and denied the motion. On a writ of error by the plaintiff: *Held,* 1. This court cannot review such finding of fact, there being evidence on both sides, and the error, if any, not being an error of law; 2. The contract made was not champertous or unlawful, and J. had authority to make it; 3. The contract having given to L. and T. a power

coupled with an interest, the death of J. did not impair the authority to compromise, and C. was bound by it ; 4. L. having continued to be a co-partner with T. so far as this case was concerned, had authority to make the compromise without the co-operation or consent of T.

*Mr. T. W. B. Crews* (*Mr. John W. Booth* was with him), argued for appellant.

*Mr. S. T. Glover* and *Mr. John R. Shepley* for appellee, submitted on their brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 19th of August, 1871, one Allan A. Kennedy died in Franklin County, Missouri, having two policies of insurance on his life, one in the Economical Life Insurance Company, of Providence, R. I., for $5,000, and the other in the Mutual Life Insurance Company, of New York, the defendant in error, for $10,000. Charles W. Jeffries was appointed administrator of Kennedy, by the Probate Court of Franklin County. At that time Joseph S. Laurie and Thomas W. B. Crews were attorneys at law, and copartners as such, in St. Louis, Missouri. The policies were put into their hands for suit, and they brought a suit on each in the name of Jeffries, as plaintiff, in a State court of Missouri. The suits were both of them removed into the Circuit Court of the United States for the Eastern District of Missouri. In each suit an answer was put in setting up a breach of warranty by the assured, in that, in the application for the insurance, he stated that he was a single man when he was a married man. In the suit against the Economical Company there was a demurrer to the answer, on the ground that the answer failed to allege that the misstatement was material to the risk. The demurrer was overruled by the Circuit Court and a judgment was entered for the defendant. On a writ of error, this court affirmed the judgment, at October term, 1874, 22 Wall. 47. In the suit against the defendant in error, which is the suit now before us, there was a reply to the answer, alleging that, under the policy, the misstatement was not a breach of warranty, and that the statement was the representation of the agent of the company, and not that of the as-

sured. In January, 1873, Charles W. Jeffries died, and the plaintiff in error, Cuthbert S. Jeffries, was appointed in his place administrator of Kennedy, and was substituted as plaintiff in this suit in March, 1873. In November, 1873, while the suit against the Economical Company was pending in this court, this suit was tried in the Circuit Court before the court without a jury. That court rendered a judgment for the plaintiff. The defendant brought the case to this court by a writ of error, and at October term, 1875, the judgment was reversed on the authority of the case in 22 Wall., and a new trial was awarded. In April, 1877, the case was again tried, and before a jury, which found a verdict for the plaintiff, but the Circuit Court set it aside. The case was tried again before a jury, in October, 1877, and a verdict was rendered for the plaintiff, on which a judgment in his favor was entered, October 9th, 1877, for $13,495. On the 27th of October, 1877, the defendant sued out a writ of error returnable to this court at October term, 1878. The case was docketed here, and the appearance of Joseph S. Laurie was entered for the defendant in error, the present plaintiff in error, and that of O. H. Palmer for the plaintiff in error, the present defendant in error. In February, 1879, Mr. Laurie compromised the judgment with the Mutual Company. Interest at 6 per cent. was computed on the judgment from its entry to November 22d, 1878, and added, and an abatement of $5,000 was then made, and the remainder, $9,401.42, was paid by the company to Mr. Laurie. He surrendered the policy to the company, a stipulation signed by Mr. Laurie and by Mr. Palmer, agreeing that the suit might be dismissed from the docket of this court without costs to either party as against the other, was presented to this court and filed, and, on the 11th of March, 1879, an order was made by this court dismissing the writ of error, each party to pay his own costs. On the 15th of December, 1879, Mr. Laurie, as attorney for the plaintiff, entered satisfaction of the judgment on the margin of the record of the judgment, in the law record book in the office of the clerk of the Circuit Court, in the presence of the deputy clerk, who signed the entry as a witness, the entry being as follows: " I hereby enter satisfac-

tion of this judgment in full, this 15th day of December, 1879. C. S. Jeffries, adm'r, &c., by Joseph S. Laurie, his att'y." The plaintiff immediately filed a motion in the Circuit Court to vacate the entry of satisfaction, alleging, as grounds therefor, that the entry was made by Laurie without authority from the plaintiff, and in fraud of his rights, and without consulting him, and after Laurie had been notified that the plaintiff would not ratify the said compromise; that the plaintiff had learned only a few days previously of the dismissal of the writ of error in March, 1879, and of the compromise made by Laurie, and had at once notified Laurie and the defendant that the compromise was made without authority from him and he would not ratify it; and that he could not authorize a compromise without the order of the Probate Court of Franklin County, which order had not been made. The motion was supported and opposed by affidavits, the defendant appearing by counsel. The court, as appears from its opinion, which is set forth in the record, found, as a fact, from the evidence before it, which evidence is before us, that Charles W. Jeffries, while administrator, entered into a contract with Mr. Laurie and Mr. Crews, whereby they agreed to prosecute the claim for a portion of the proceeds, with full power to compromise it as they should please, and that the claim was a doubtful one. On the ground of such express authority and of the doubtfulness of the claim, the court held that the compromise was rightly made, notwithstanding the judgment. It also held that the plaintiff was bound by the contract made by his predecessor. An order was made overruling the motion, and afterwards a motion for a rehearing, founded on further affidavits, was denied. A bill of exceptions setting forth all the papers used on both motions, and containing proper exceptions, was signed. Thereupon the plaintiff has brought the case to this court, on a writ of error.

It is contended for the plaintiff in error that the evidence was insufficient to warrant the finding that there was any contract between the first administrator and Mr. Laurie and Mr. Crews, authorizing a compromise; that the first administrator had no authority to make such a contract, or to make a compromise, without the sanction of the Probate Court; that the

plaintiff was not bound by the contract made by the first administrator; and that Laurie had no authority to compromise without the co-operation of Crews.

As to the finding of fact that there was a contract by the first administrator giving to the attorneys an interest in the proceeds of the claim, with authority to compromise it, this court is prohibited, by § 1011 of the Revised Statutes, from reversing a case on a writ of error for any error in fact. In this case there was a dispute as to the fact, and evidence on both sides, and it was a fair exercise of the judgment of the court, on the evidence before it, to make the finding of fact it did. Under such circumstances, an erroneous finding of the fact cannot be held to be an error of law. *Hyde* v. *Booraem*, 16 Pet. 169, 176; *Parks* v. *Turner*, 12 How. 39, 43.

There is nothing to show that the Circuit Court was not correct in its conclusion that the right of recovery in the suit was very doubtful, notwithstanding the judgment. This being so, as the writ of error was pending, the compromise would seem to have been a proper one for the interests of the estate. It was said by this court, in *Holker* v. *Parker*, 7 Cranch, 436, 452, speaking by Chief Justice Marshall:

"Although an attorney at law, merely as such, has, strictly speaking, no right to make a compromise, yet a court would be disinclined to disturb one which was not so unreasonable in itself as to be exclaimed against by all, and to create an impression that the judgment of the attorney has been imposed on or not fairly exercised in the case."

We do not perceive that there was any want of authority in the first administrator to make the contract he did. The contract was not champertous under the laws of Missouri. *Duke* v. *Harper*, 66 Mo. 51. The attorneys did not agree to pay any part of the costs or expenses of the litigation. Nor do we find in the statutes of Missouri which are cited, nor in any of its judicial decisions, anything which forbids the making of such a contract as the Circuit Court found to have been made in this case. The administrator had the usual power of a trustee over the estate, under his responsibility for a breach of his trust.

Perry on Trusts, § 482; *Overfield* v. *Bullitt*, 1 Mo. 537. The authority given to him by statute, Wag. Stat., vol. 1, p. 87, sec. 26, to commence and prosecute actions fairly includes the power to make such reasonable contracts in regard to compensation and the compromising of actions on doubtful claims as the circumstances of particular cases may justify. The fact of the enactment in Missouri of a statute, which went into effect November 1st, 1879, Rev. Stat. of Missouri, of 1879, vol. 1, p. 37, sec. 242, giving power to an administrator to compound with a debtor, with the approbation of the judge of probate, does not imply that the power did not exist before without such approbation. This transaction occurred before such enactment. An administrator has general power to dispose of the personal effects of his intestate, 2 Williams on Exrs., 6th Am. ed., p. 998; and to compound a debt, if it is for the benefit of the trust estate. 3 Id., p. 1900, and note *g*². And, even when statutes exist providing for compromises with debtors with the approval of a Probate Court, it is held that the right to compromise which before existed is not taken away, but may be exercised subject to the burden of showing that the compromise was beneficial to the estate. *Wyman's Appeal*, 13 N. H. 18; *Chouteau* v. *Suydam*, 21 N. Y. 179; *Chadbourne* v. *Chadbourne*, 9 Allen, 173.

The contract made by the first administrator having given to the attorneys a power coupled with an interest, the authority to compromise was not impaired by the death of the first administrator, and his successor was bound by the contract. Story on Agency, §§ 476, 477.

It is apparent, from the record, that Mr. Laurie continued to be a copartner with Mr. Crews so far as this case was concerned. That being so, he had authority to make the compromise in question without the co-operation or consent of Mr. Crews.

No error of law is found in the proceedings in the Circuit Court, and its orders, made January 26th, 1880, and March 10th, 1880, are

*Affirmed.*