NATCHEZ COTTON MILLS CO. v. LIZZIE O. MULLINS ET AL.

ACTION FOR DEATH OF HUSBAND.  *Compromise by widow.   Children bound thereby.*
  Under § 1510, code 1880, which gives the widow of one whose death is
  caused by the wrongful act of another the right to sue therefor, but pro-
  vides that if she has children the damages shall be distributed as personal
  property of the husband, the widow alone has the right of action,
  and even after judgment, pending an appeal, she may accept less than
  the recovery and discharge the defendant, and the children will be
  bound by her action in so doing.

FROM the chancery court of Adams county.

HON. W. R. TRIGG, Chancellor.

Mary J. Mullins sued the appellant, The Natchez Cotton Mills
Company, a corporation, for the death of her husband, Henry Mul-
lins, who was killed by an explosion in the mills of defendant, and
recovered a judgment for $6000.  The deceased left two minor
children, Lizzie O. and Henry Mullins.  The action was in the
name of their mother, the widow, under § 1510, code 1880, which
provides that the action therein given "may be brought in the
name of the widow for the death of her husband . . . the damages
to be for the use of such widow . . . except that in case a widow
should have children, the damages shall be distributed as personal
property of the husband."

The defendant gave a supersedeas bond and prosecuted an appeal
from said judgment, pending which the widow compromised the
case by accepting from the defendant $1000 in full of the judgment,
and entered satisfaction on the judgment-roll.  The minors were
without guardian, and the compromise was made without the
authority of any court.  Afterwards, by their next friend, they
presented the bill in this case against said defendant, setting up
that they were the owners of said judgment to the amount of
$4000; that the defendant knew of their rights, and that the at-
tempted compromise was void as to their interest.  A decree for
said sum of $4000 was asked against said defendant.

The defendant's demurrer to this bill being overruled, it appeals.

*Martin & Lanneau* and *T. Otis Baker,* for appellant.

1. The suit by the widow was based on § 1510 of the code. The action was purely statutory. *Ins. Co.* v. *Brame,* 95 U. S. 754. The widow only could maintain the action. *Weidner* v. *Rankin,* 26 Ohio St. 522; *Hagen* v. *Kean,* 3 Dill C. C. 124; *R. R. Co.* v. *Lacey,* 49 Ga. 106; *McNamara* v. *Slavens,* 76 Mo. 329.

2. The widow, having the right of action, could compromise with the defendant. *McNamara* v. *Slavens, supra; Greenlee* v. *Ry. Co.,* 5 Lea (Tenn.), 418; *Stephens* v. *R. R. Co.,* 10 Ib. 448. See especially the case in 5 Lea, where the suit was for the "benefit of the *widow and children,*" and yet was held that the widow could control it.

It is immaterial that a judgment had been rendered. The judgment had been superseded and the case was pending on appeal.

3. The defendant was neither bound to ascertain the persons entitled to the benefit of the recovery nor charged with the duty of distribution. *Weidner* v. *Rankin, supra.*

*Proby & Clinton,* for appellees.

The appellees have an interest in the judgment recovered for the death of their father. Code 1880, § 1510.

After judgment recovered, this interest became fixed, and the mother could not compromise it. She certainly had no greater power than is conferred on a legal guardian, and as such guardian she would not have had the authority claimed. A common-law guardian by nurture would not have possessed it. 2 Kent Com., 228, 229; 5 Wait's Ac. & Def., 47, 48; 8 Ib., 535.

As *prochein ami* she would not have had the power; without special authorization a person acting in this capacity is not authorized to collect and receipt for the recovery. *Smith* v. *Redus,* 9 Ala. 99; *Miles* v. *Kaigler,* 10 Yerg. (Tenn.) 10; *Klaus* v. *State,* 54 Miss. 646; 10 Am. & Eng. Enc. L. 685.

The position of appellants is an admission that complainants, minor children of the deceased, have a two-thirds interest in this judgment, and that they cannot be defrauded out of it.

Who, then, is responsible to the minors, the mother or the

defendant? As under the statute only the mother could sue, if she had compromised before judgment, perhaps defendant would have been relieved of liability; but, after judgment, the rights of all parties became fixed, and defendant compromised with the mother, who only had a partial interest, at its peril.

After recovery of judgment, if the mother is not financially responsible, and is not disposed to do right, is our law so defective that it affords no protection to minor children?

If an attorney compromises without consent of his client, it is not binding. Freeman on Judgments, p. 486.

The authorities cited by opposite counsel were based on statutes wholly different from ours, and are not controlling here because: 1. None of the statutes gave the children a direct interest in the damages. 2. All of those cases were compromised before judgment. Under our statute, after judgment, the rights of the minors were fixed, and entitled them to the protection of the court. It is immaterial that the defendant had taken an appeal. The mother was not authorized to make distribution, and could not receive the minors' interest.

CAMPBELL, J., delivered the opinion of the court.

The widow alone had the right of action, and she had the right to accept satisfaction, and discharge the defendant. Code, § 1510.

Her children must look to her, and not to the defendant. A mother's love is a sufficient safeguard against improperly acquitting a defendant from liability, and the law in such cases as this has committed the interests of children to their mother. To her is committed the right of action, and she alone may control it. *Stephens* v. *Railroad,* 10 Lea, 448; *McNamara* v. *Slavens,* 76 Mo. 329.

*Decree reversed, demurrer sustained and bill dismissed.*