CONOVER v. PENNSYLVANIA R. CO.

(Circuit Court, S. D. New York. March 2, 1910.)

DEATH (§ 31*)—ACTION FOR WRONGFUL DEATH—PERSON ENTITLED TO SUE UNDER PENNSYLVANIA STATUTE.

Under Laws Pa. 1855 (P. L. 309), giving an action for wrongful death to the "husband, widow, children or parents of the deceased," and providing that the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, as construed by the Supreme Court of the state, the widow of the person killed, if living, is the person in whom the right of action is vested, and she has authority to settle an action so brought by her, since she holds the amount recovered or received as trustee for all the persons interested therein.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 42; Dec. Dig. § 31.*]

Action by Ella K. Conover against the Pennsylvania Railroad Company. On motion of Theophile Sirois, guardian ad litem, to vacate order of discontinuance made on settlement. Overruled.

Joseph D. Conover was killed in an accident on the defendant's railroad, at Clover Creek Junction, Pa. Ella K. Conover, widow of Joseph D. Conover, brought an action as administratrix in the Supreme Court of New York County. On motion by the defendant the case was removed to this court. The defendant then demurred on the ground that plaintiff was without capacity to sue, she having sued as administratrix, and thereafter the complaint was amended allowing the plaintiff to sue as widow, for the loss of her husband, pursuant to the statute of the state of Pennsylvania giving her the right to sue, as widow, for the pecuniary damages sustained in the loss of her husband. The action was settled between the widow and the defendant company, the latter paying her $7,500, and an order of discontinuance entered on January 22, 1908.

Now Theophile Sirois, recently appointed guardian ad litem of the two children of Joseph D. Conover, applies for an order vacating the order of discontinuance. It is not disputed that the settlement was made without consulting the children who are lunatics.

The Pennsylvania statute relating to damages for injuries producing death, and now in force, was passed in 1855 (Laws Pa. 1855, No. 323, p. 309) and is as follows:

"That the persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased and no other relative; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy and that without liability to creditors.

"That the declaration shall state who are the parties entitled in such action: the action shall be brought within one year after the death and not thereafter."

Edw. J. Shumway, for petitioner.
Robinson, Biddle & Benedict, for defendant.

HAND, District Judge (after stating the facts as above). It is quite clear under the law of Pennsylvania that the widow alone is the person in whom the right of action is vested. Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419; Marsh v. Pennsylvania R. R. Co., 204 Pa. 229, 53 Atl. 1001; Haughey v. Pittsburg Ry. Co., 210 Pa. 367, 59 Atl. 1110. All the proceeds she holds in trust for herself and her children; but there is no provision anywhere in the statute by which the interest of the children may be apportioned in the action, and the proceeds are to be turned over to her for her distribution. I think that payment to her or settlement with her was an effective bar, just as it is in the case of any other trustee, and that the person who deals with her need not follow the application of the proceeds. The moving party entirely misconceives the effect of the citation from Perry on Trusts, § 796, in which the rule is laid down that a payment to a trustee under a power of sale of real property is not sufficient where the power of sale is to pay a particular debt or particular legacies. In those cases the courts construe the powers as to be exercised for a particular purpose which is not fulfilled unless the money is applied as the testator directs. It is hardly necessary to cite authorities for the proposition that in general a trustee, who is not merely a naked trustee of the legal title, has complete rights to settle controversies, and that third persons need not concern themselves with the application of the proceeds which he makes. The distinction in the case of dry trusts

arises from the fact that the cestui que trust in such cases is complete owner in equity, and the dry trustee has nothing but a bare legal title.

I have been somewhat troubled with Southern Pacific Railroad Co. v. Tomlinson, 163 U. S. 369, 16 Sup. Ct. 1171, 41 L. Ed. 193, which held that under the Arizona statute the widow had no right after verdict to reduce the recovery of the children and parents of the deceased; but there are several considerations which in my judgment entirely distinguish that case. In the first place, they were all parties to the record, a procedure which was permitted by the statute. The widow was therefore in the position of trying to compromise the interests of other parties to the record than herself. In addition, as permitted by the statute, the jury had assessed separately the recoveries of each of the parties plaintiff, and it is obvious that the widow, being only one of the parties plaintiff, had no right to interfere with the rights of any others than herself. In view of the fact that the Pennsylvania courts do not admit the children as parties plaintiff at all, that case has no bearing upon the Pennsylvania statute. It is true that in Styles v. Pennsylvania Steel Co., 7 Del. Co. R. (Pa.) 456, the contrary rule was laid down, and it was there held that the widow had no right to discontinue the suit. It is on this case that the applicant chiefly relies. But the case was decided by a single judge in a court of inferior jurisdiction, and I do not feel it is an authoritative declaration of the statute. Freund v. Yaegerman (C. C.) 27 Fed. 248. Nor does it seem to me to be in accordance with the fact that children will not be permitted to be parties plaintiff.

Precisely the opposite result was reached under a similar statute in Natchez Cotton-Mills v. Mullins, 67 Miss. 672, 7 South. 542. The law in Tennessee, where the children likewise share with the widow (Collins v. East Tennessee, Virginia & Georgia Railroad Co., 9 Heisk. 841), seems to be the same way (Greenlee v. R. R. Co., 73 Tenn. 418; Holder v. Railroad, 92 Tenn. 142, 20 S. W. 537, 36 Am. St. Rep. 77; Stephens v. Railroad, 78 Tenn. [10 Lea] 448). Of course, those cases in which the right of action is vested in an administrator or executor are not in point.

I can find no case in which the rule is as the applicant says, except the case which he cites and cases in which the children are parties to the record. The construction he desires is an extremely harsh and inequitable one, for it offends against the general rule that one may always safely deal in the compromise of litigation with the parties to the suit. There can be no good reason for excluding the names of the children from the process as parties, if they are to be regarded as still parties to any settlement. If the applicant be right, it must follow that after judgment the judgment debtor may not pay the widow safely, but must insure the distribution to the children. In a case where their shares are not fixed by verdict, as in Arizona, this would be unusual and somewhat burdensome. If it appeared from the record that the widow was what the Pennsylvania decisions call a plaintiff "for use," I might think otherwise; but there is no reason to think that she is.

Motion denied.