## MANN v. MINNESOTA ELECTRIC LIGHT & POWER CO.
### No. 172.

Circuit Court of Appeals, Tenth Circuit.
Aug. 6, 1930.

Walter Mathews, of Cushing, Okl., for appellant.

John F. Webster, of Oklahoma City, Okl. (F. A. Rittenhouse, Frank E. Lee, and Breck Moss, all of Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

Lulu Bluejacket recovered a judgment in the state court for $20,000 against the appellee on account of the death of her husband, Ed Bluejacket. The judgment inured to the exclusive benefit of herself and children, as provided by the Oklahoma statute. While an appeal from the judgment was pending, she settled the judgment for $5,000. Her children then brought this suit for their distributive share of the $20,000, or $13,333.33, and deny the power of their mother to effect such compromise. The trial court directed a verdict for the defendant, and this appeal follows.

The wrongful death statute of Oklahoma confers a right of action upon the personal representative of the deceased, and provides that—

"The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased." Section 824, C. O. S. 1921, as amended by Laws Okl. 1925, c. 125.

The succeeding section provides that, if no personal representative has been appointed, "the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The action in the state court was brought by the widow pursuant to this statute. Her children were not parties. When the case was called for trial, the defendant failed to appear, and the judgment was taken by default. The state court found that plaintiff

was the widow of the intestate deceased, and that she brought this action on behalf of herself and her minor children, and that the death resulted from the negligence of the defendant. Whereupon it was adjudged that she recover $20,000 "for the use and benefit of herself and minor children"; that such sum be distributed as provided by the statutes of descents and distributions. This order is in accordance with the wrongful death statute quoted.

Counsel for the defendant were shortly advised of the default judgment, and on the same day filed a motion to vacate such judgment and to afford the defendant a trial. This motion was overruled and the defendant appealed. Pending the appeal, the case was settled for the sum of $5,000, and the plaintiff executed and acknowledged the following instrument:

### "Satisfaction of Judgment

"Now comes the plaintiff, Lulu Bluejacket, and acknowledges full and complete settlement and satisfaction of the judgment rendered in the above entitled cause, as the same appears on the dockets of the District Court of Payne County, Oklahoma, and hereby enters said satisfaction of record.

"The court clerk of Payne County, Oklahoma, is hereby authorized to enter said satisfaction of record on the dockets of said court.

"Lulu Bluejacket."

The following notation was entered on the judgment docket:

"Judgment satisfied in full this 6th day of June, 1925, and said judgment released of record."

The defendant then dismissed its appeal to the Supreme Court of Oklahoma. Seven months later, a guardian was appointed for the minors and this action was brought on the judgment rendered in the state court; the prayer was to recover $13,333.33, the portion to which the minors were beneficially entitled under the Oklahoma statutes of descents and distributions. Section 11301, C. O. S. 1921. No claim of fraud or inadequacy of consideration is made. The plaintiff's claim is that Lulu Bluejacket intended to settle only that portion of the judgment to which she herself was entitled, and, furthermore, challenged the power of the widow to bind the children by the settlement. In answer thereto the defendant set up that the judgment had been discharged. The trial court declined to hear evidence in contradiction of the written satisfaction of judgment and directed a verdict for the defendant.

■ I. The trial court was right, in this action at law, in excluding evidence in contradiction of the written satisfaction of judgment. That instrument "acknowledges full and complete settlement and satisfaction of the judgment rendered." Manifestly, any testimony to the effect that the satisfaction was not full and complete, but was partial, contradicts the plain and unambiguous language of the writing, and, under familiar rules, was inadmissible.

II. Did the plaintiff in the state court action have the power to make a fair compromise of the judgment, without securing the appointment of a guardian for her minor children, and securing his consent thereto?

■ The wrongful death statutes of the various states differ somewhat in their provisions, although generally their purpose is to give to the widow and children the beneficial interest in the recovery for the loss, immune from the claim of creditors. The whole proceeding is statutory, and the statutes, and decisions of the state courts construing them, are binding on the United States courts. The statutes of some states create causes of action in the widow and the children; most of them, like Oklahoma, create but one cause of action and vest it in an administrator, or, if there is none, in the widow or next of kin. Such statutes, while creating but one cause of action vested in a single person, give others a beneficial interest in the recovery which is an enforceable obligation against the one in whom the cause is vested. The Oklahoma decisions fully support the theory on which Lulu Bluejacket brought her original suit; that is, that the cause of action was vested in her alone. In Chicago, R. I. & P. Ry. Co. v. Owens, 78 Okl. 114, 189 P. 171, a widow brought an action for the death of her husband. They had two children. The defendant demurred to the petition on the ground that she had no right to sue in her own name, when her children were beneficially interested. The court held that she did have that right. See, also, Cowan v. A., T. & S. F., Ry. Co., 66 Okl. 273, 168 P. 1015, L. R. A. 1918B, 1141, where it was held that an action for wrongful death could only be brought in the name of the person upon whom the statute conferred the right to bring it. See also, Big Jack Mining Co. v. Parkinson, 41 Okl. 125, 137 P. 678.

Under statutes similar to the Oklahoma one, which authorize the administrator to bring an action for wrongful death, the damages to inure to the exclusive benefit of the widow and children, it is uniformly held that the administrator has the power to compro-

mise claims or judgments without the consent of the beneficiaries or the approval of the court, and that those beneficially interested cannot, by compromise or settlement, bar an action by the administrator. This is the law as to administrators generally. In Jeffries v. Mutual Life Ins. Co., 110 U. S. 305, 4 S. Ct. 8, 11, 28 L. Ed. 156, the attorney for an administrator compromised a judgment pending appeal. This compromise was immediately attacked, but the Supreme Court sustained it, saying in part:

"The authority given to him by statute (1 Wag. St. p. 87, § 26), to commence and prosecute actions fairly includes the power to make such reasonable contracts in regard to compensation and the compromising of actions on doubtful claims as the circumstances of particular cases may justify."

Missouri, like Oklahoma, had a statute giving the administrator power to compromise a claim with the approval of the county judge. But the Supreme Court held that such approval was not necessary, saying:

"And, even when statutes exist providing for compromises with debtors with the approval of a probate court, it is held that the right to compromise which before existed is not taken away, but may be exercised subject to the burden of showing that the compromise was beneficial to the estate."

There are many cases sustaining the power of an administrator to compromise a claim or judgment for wrongful death. See Yelton v. Evansville & Indiana Ry. Co., 134 Ind. 414, 33 N. E. 629, 21 L. R. A. 158; Dowell v. Burlington, C. R. & N. R. Co., 62 Iowa, 629, 17 N. W. 901; South & North Alabama R. Co. v. Sullivan, 59 Ala. 272; Henchey v. Chicago, 41 Ill. 136; Washington v. Railway Company, 136 Ill. 49, 26 N. E. 653; Parker v. Steamboat Company, 17 R. I. 376, 22 A. 284, 23 A. 102, 14 L. R. A. 414, 33 Am. St. Rep. 869; Hartigan v. Southern Pac. Co., 86 Cal. 142, 24 P. 851; Olston v. Water Company, 52 Or. 343, 96 P. 1095, 20 L. R. A. (N. S.) 915; Pittsburgh Railway Company v. Gipe, 160 Ind. 360, 65 N. E. 1034; Cogswell v. Railway Company, 68 N. H. 192, 44 A. 293; Foot v. Railway Company, 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354, 83 Am. St. Rep. 395; Flynn v. C. G. W. Ry. Co., 159 Iowa, 571, 141 N. W. 401, 45 L. R. A. (N. S.) 1098; Aho v. Jesmore, 101 Minn. 449, 112 N. W. 538, 10 L. R. A. (N. S.) 998. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Am. Cas. 1913B, 225, holding that a settlement by a sole beneficiary bound the administrator in equity, may be contra.

Conceding this to be the law, appellant contends that, while an administrator may compromise an action for wrongful death, a widow who brings such an action may not. No reason is apparent for any such distinction; the widow, herself beneficially interested, would normally be as likely to make as good a settlement for herself and children as would an administrator. The practical reasons for permitting an administrator to settle—the avoidance of the necessity of guardianship for minors, the avoidance of a divided authority over the cause of action, the encouragement of settlements by protection of a defendant willing to compromise —apply with the same force to the widow as to the administrator. The power of the widow to compromise a claim for wrongful death has been before the courts, and with practical uniformity it has been held that she has that power. In American Car & Foundry Co. v. Anderson (8 C. C. A.) 211 F. 301, 308, the court said:

"It is quite uniformly held that the administrator or other person authorized to bring suit for damages for the death of another may compromise the claim without complying with such statutes as section 242 of the Revised Statutes of Missouri because such statutes have reference to the compromise of claims which belong to the estate proper, and not to the widow, heirs at law, and the like, and that such compromises may be made, not only where the beneficiaries do not consent, but where they affirmatively object."

In Shambach v. Middlecreek Electric Co., 232 Pa. 641, 81 A. 802, the children brought a suit for wrongful death of their father, after their mother had brought a suit and compromised it. In an able opinion, reviewing many authorities, the court held the mother's compromise bound the children. Judge Learned Hand held the same thing, and distinguished the cases of settlements by a dry trustee. Conover v. Penn. Ry. Co. (C. C.) 176 F. 638. To the same effect are Natchez Cotton-Mills Co. v. Mullins, 67 Miss. 672, 7 So. 542; Stephens v. Nashville, C. & St. L. Ry., 10 Lea (Tenn.) 448; Holder v. Nashville, C. & St. L. R. Co., 92 Tenn. 141, 20 S. W. 537, 36 Am. St. Rep. 77.

In 17 C. J. 1249, the rule is stated and fortified by many authorities that "a compromise, settlement, release and discharge of the claim made by the personal representative or other person authorized to prosecute the claim in a representative capacity, even without the consent of the beneficiaries, is a good defense to the action, provided of course it

was made in entire good faith without any fraud."

In 8 R. C. L. p. 789, the author states: "If the right of action for death caused by wrongful act, neglect, or default is given to one party exclusively, or if one person has the prior right of action, it is usually held that such party has the right to compromise or settle, and that such settlement will bar any further action."

Appellant undertakes to deflect the force of these authorities by pointing out distinctions. But they are distinctions without differences. The reasons for the rule apply in the case at bar. Appellant relies on Southern Pacific Co. v. Tomlinson, 163 U. S. 369, 16 S. Ct. 1171, 41 L. Ed. 193. That decision has been readily distinguished by Judge Hand and other courts. The Arizona statute there involved created causes of action in favor of the wife, children, and other heirs. The several causes must be tried together, but the jury must find the damages suffered by each. In that case the jury awarded a specific sum to the widow, another sum to each child, and $5,000 apiece to the mother and father. The widow attempted to compromise by reducing the judgments of the mother and father to the sum of $1. The court held that she was without such power. The decision has no application to statutes which create but one cause of action. Counsel also relies on Jeffries v. Elevator Co., 102 Kan. 811, 176 P. 631. In that case the widow received nothing for herself or children by the so-called settlement, but released the claim in exchange for a release of her husband's debts, which made his creditors, and not her children, the beneficiaries of the claim, contrary to the statute conferring the right upon the widow. Section 60—3203, Rev. St. Kan. 1923. However, one sentence of the court's opinion supports appellant's contention. But, on rehearing (103 Kan. 786, 176 P. 631), the sentence in the original opinion was greatly modified, if no more. But if that opinion be construed to deny the right of a widow to compromise, in good faith, a claim for the death of her husband, it is opposed to the weight of authority. Decisions cited as to the authority of a prochein ami are manifestly not in point. In Southern Ry. v. McKinney (5 C. C. A.) 276 F. 772, the statute expressly forbade the prochein ami to receive payment until a bond was given; furthermore, in such cases, the cause of action is vested in the minor; in this case, it is vested in the widow.

The rule that a widow, in whom is vested the cause of action by statute, has the same power as an administrator to make an honest compromise of a disputed claim, before or after judgment, without the consent of her children, is well settled and in accord with reason and public policy.

The judgment is therefore affirmed.