**SECOND NAT. BANK OF SAGINAW v. WOODWORTH, Collector of Internal Revenue.**

**No. 6243.**

Circuit Court of Appeals, Sixth Circuit.

June 30, 1933.

George G. Witter, of Los Angeles, Cal. (Mark E. Mitchell and Theodore Benson, on the brief), for appellant.

Trent McMath, of Detroit, Mich. (Gregory H. Frederick, Charles B. W. Aldrich, and David A. Wolff, all of Detroit, Mich., and C. M. Charest, T. H. Lewis, Jr., and E. J. Dowd, all of Washington, D. C., on the brief), for appellee.

Before MOORMAN and HICKS, Circuit Judges, and NEVIN, District Judge.

MOORMAN, Circuit Judge.

Wellington R. Burt, a citizen of Michigan, died on March 2, 1919, and the Second National Bank of Saginaw, Mich., was nominated and qualified as executor of his will. On August 14, 1920, the bank filed a federal estate tax return, and the tax shown thereon was assessed and paid. Later the Commissioner increased the net value of the estate by adding thereto certain gifts made by the decedent during his life, and as a result assessed an additional tax which was also paid. On May 24, 1922, the bank was discharged as executor of the estate and qualified as testamentary trustee. On June 21, 1923, it filed a claim for a refund of the additional tax paid by the estate, and while the claim was pending filed suit against the United States in the Court of Claims to recover the tax. On June 30, 1926, the trustee and Commissioner of Internal Revenue executed and the Secretary of the Treasury approved an agreement in accordance with section 1106 (b) of the Revenue Act of 1926 (26 USCA § 1249 note), whereby a final determination of the claim for refund was made. Pursuant to this agreement the Commissioner made a refund to the trustee of a part of the tax. Thereafter on motion of the trustee the court dismissed the suit as of October 18, 1926. On May 31, 1927, the Supreme Court decided the case of Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081, and on June 4th following the trustee filed a claim for a refund of the items sued for but not allowed in the settlement of the case in the Court of Claims. This claim was rejected by the Commissioner on the ground that the agreement under which the suit was dismissed had settled all questions between the parties. On November 23, 1927, the trustee filed a petition with the probate court setting forth all proceedings taken on the settlement of the original claim, upon which the court entered an order reciting that the trustee's action had been taken without authority, and directing it to take steps to recover the balance of the amount therein sought. On April 6, 1928, the trustee filed a second petition in the Court of Claims based upon the rejection of the claim of June 4, 1927. This petition was dismissed on demurrer, the court holding that the claims therein made had been adjudicated and determined in the former action filed in that court. Second Nat. Bank v. U. S., 66 Ct. Cl. 166. The trustee thereafter made application to the Supreme Court for a

writ of certiorari, which was denied. Second Nat. Bank v. U. S., 280 U. S. 553, 50 S. Ct. 15, 74 L. Ed. 609. It then instituted this action against the collector to recover that part of the claim for refund not allowed on the settlement of its first suit in the Court of Claims, and from a judgment of dismissal by the trial court appeals.

It will be seen from the foregoing that the present action seeks a recovery of the same tax for which claims were made in the two cases filed against the United States in the Court of Claims. In the second of these cases it was held that the claims therein asserted were adjudicated and determined in the first action in that court. The trial court in this case reached the same conclusion and held that the judgment in the second action brought in the Court of Claims was a bar to the prosecution of this action. (D. C.) 54 F.(2d) 672.

▐ The trustee seeks to avoid the bar of the first suit in the Court of Claims upon the ground that it had no authority from the probate court to institute that suit or to enter into the agreement of settlement pursuant to which it was dismissed. The general rule is that the power of a trustee or representative of a decedent's estate to compromise debts due the estate is not dependent upon the previous sanction of the probate court unless such sanction is required by statute. Jeffries v. Mutual Life Ins. Co. of New York, 110 U. S. 305, 309, 310, 4 S. Ct. 8, 28 L. Ed. 156; Chouteau v. Suydam, 21 N. Y. 179; Chadbourn v. Chadbourn, 9 Allen (Mass.) 173; Wood v. Tunnicliff, 74 N. Y. 38, 45; Conover v. Pennsylvania R. Co. (C. C.) 176 F. 638, 639; Mann v. Minnesota Electric Light & Power Co. (C. C. A.) 43 F.(2d) 36. We do not construe the Michigan statutes as requiring such previous sanction, and we have been referred to no Michigan case holding that they do. It is not important, however, whether the trustee was or was not required to have authority from the probate court to file or dismiss the first suit, since express authorization was given for the second and it was determined in that proceeding that the matters therein sought to be litigated were adjudicated in the first proceeding. We think the decision in the second case is a binding adjudication of that question as between the trustee and the United States.

▐ The appellant contends that even though the proceedings in the two Court of Claims cases are binding upon it as an adjudication of its claim against the United States, the present action is a suit against the collector in his personal capacity, and as to him there has been no adjudication because he was a stranger to the former proceedings, and a judgment against him would be a personal judgment for which the government of the United States would not be bound. It is said that this question is controlled by Sage v. United States, 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828. Without referring to the differences noted by the trial judge between that case and the case here presented, it is sufficient to say that the question is ruled by the recent decision of the Supreme Court in George Moore Ice Cream Co. v. Rose, 289 U. S. 373, 53 S. Ct. 620, 77 L. Ed. 1265. The statute provides alternative conditions upon which a collector who has been sued for a tax may be indemnified by the government. One is upon certification by the District Court "that there was probable cause for the act done by the collector," and the other upon certification by the court that the Collector "acted under the directions of the Secretary of the Treasury, or other proper officer of the Government." 28 USCA § 842. In the Sage Case it could not be determined until after judgment whether or not the District Court would certify that there was probable cause for the collector's act. The issuing of a certificate in that case involved "a certain latitude of judgment." In the case at bar, appellant's exhibit A, which was made a part of his declaration, states that the additional tax was assessed by the Commissioner of Internal Revenue. This was admitted by the answer. It thus appears from the pleadings that the tax was exacted by the collector under the directions of the Commissioner, "a proper officer of the Government." In such case the court has no discretion, and the collector "is entitled as of right to a certificate converting the suit against him into one against the Government." Since therefore this suit was brought against the collector as "a remedial expedient for bringing the Government into court," its status, for the purpose of determining whether it may be prosecuted, is that of a suit against the United States, and it is accordingly barred by the proceedings instituted and prosecuted in the Court of Claims.

The judgment is affirmed.