**BOOTH, ESTATE OF, In Re**

Ohio Probate Court, Lake Co

Decided Oct 16, 1937

John M. Parks, Painesville, for administratrix.

Snyder, Thomsen, Seagrave & Roudebush, Cleveland, for exceptor.

## OPINION

By SWEET, J.

This cause came on for hearing upon exception of Mildred J. Grosbeck, sole heir at law of Medora G. Booth, deceased, to the final account of Evalyn Hart Spurck as administratrix of the estate of Medora G. Booth.

From the evidence the court finds that during the lifetime of Medora G. Booth she entered into a contingent fee agreement with an attorney to represent her interests and secure for her her share in the estate of James Booth, her former deceased husband. James Booth had attempted to convey away some of his property prior to his decease so that there was question concerning the assets which belonged to his estate and the amount to which his widow, Medora, would be entitled. No recovery was had from the estate of James Booth during her lifetime. After her death her administratrix employed the same attorney who had represented Medora to represent her in the administration of the estate. Testimony showed that Mrs. Spurck was present at the time the contingent fee contract was made by Medora G. Booth with the attorney and that after her qualification as administratrix, with full knowledge of the contract, she authorized the attorney to proceed with his attempts to collect the share of Medora Booth from the estate of James Booth. There is no evidence in this proceeding from which the court would determine that the agreement of Medora G. Booth with her attorney to allow him 50 per cent of the amount recovered for her was unconscionable.

In the record of the estate of Medora Booth it appears that the possible claim of the attorney to a part of the proceeds of the estate, was not listed in the schedule of debts filed and it is claimed by exceptor that the contract was unknown to her until after the filing of the final account. In this account the administratrix reported that she had received under date of February 11, 1936, "Cash—after deduction of fees—from sale of real estate to James Booth, deceased, $1,840.35." Administratrix had previously executed receipts to the administrator of the estate of James A. Booth for amounts totalling $3,680.71.

It is claimed by exceptor that the administratrix must account for the entire proceeds of collection from the estate of James Booth and that she is not entitled to credit for any amount paid to the attorney for the following reasons.

First: That said contingent fee contract was terminated upon the death of Medora G. Booth, and that any employment of the attorney thereafter was referable to the settlement of the estate instead of the contract and therefore must first be allowed by the court.

Second: That if the attorney had any claim for his services under the contract it should have been presented to the administratrix and should have been listed as one of the obligations of the estate in the schedule of debts; not having been so presented it could not be paid rightfully by the administratrix.

The attorney claims, on the other hand, that the contingent fee agreement which he had with Medora G. Booth was equivalent to an assignment to him of fifty per cent of her interest in the estate of James Booth; that his employment was similar to a power coupled with an interest and therefore survived the death of Medora Booth. Under this theory he claims that the sole interest which the estate of Medora G. Booth had in the recovery from the James Booth estate was the right to receive the proceeds after deduction of his interest therein and that he had a lien upon the funds recovered for payment of the stipulated amount.

Exceptor in this case relies upon the case of **Villhaur, Administratrix v Toledo** 5 **O.D. (N.P.) 8:**

Syl. 1: The authority of an attorney is terminated by death of his client unless such authority is coupled with an interest.

Syl. 2: The contract between a client and his attorney that the attorney shall receive as compensation for his services a certain percentage upon the sum recovered does not create such an interest as will prevent the death of the client from operating as a revocation of the attorney's authority.

Syl. 3: An attorney was employed to collect a claim against the city under a contract that he was to have for his services one-half of the sum recovered. After the

recovery of a judgment the client died and thereafter the city paid the judgment to a third person upon the order of the attorney. No part of the amount paid was received by the administrator of the client and the acts of the attorney were not ratified by the administrator. Held, that such payment of the judgment was unauthorized and the administrator may maintain an action against the city on the judgment.

Undoubtedly the decision in the Villhaur case was correct under the facts therein for the reason that the attorney clearly violated the terms of his employment and the judgment debtor was charged with notice of such violation. Under the facts in the Villhaur case it should have made no difference whether the client was deceased or not. The general rule as to the authority of an attorney to dispose of any interest in a judgment or claim is stated as follows in §104, page 323, 5 American Jurisprudence:

"It is a well established general rule that an attorney-at-law, merely by virtue of his general employment as such, has no authority to sell or assign a judgment recovered in favor of his client, or any interest therein."

The court is not inclined to follow the Villhaur case as decisive of the law concerning survivorship of a contingent fee contract between attorney and client. The court prefers to consider that under a contingent fee contract the attorney agrees to accomplish a particular piece of work and prosecute it to completion and it is in the contemplation of the parties at the time the agreement is entered into that such contract is not revocable by the client without payment to the attorney of full compensation under the terms of the contract or damages for breach unless such revocation is for just cause. The attorney's relationship to his client under a contingent fee contract is different from the relationship which exists under a retainer or general employment and upon death of the client the administrator should be obligated to perform his decedent's obligation under the agreement and be liable for a breach thereof the same as in the case of a building contract or other agreement for non-personal services. When the administrator elects to perform the contract on behalf of the estate the attorney is entitled to his fee under the terms thereof.

This view is supported by the case of Jeffries v Mut. Insurance Co., 110 U. S. 305, in which the Supreme Court, citing Story on Agency. §476 and 477, held that a valid contract made by a fiduciary with an attorney to prosecute certain claims for a percentage of the recovery, survived the death of such fiduciary and that his successor was bound thereby.

The case of In Re Agce, reported in 50 A.L.R. page 641, appears to be more in point. The syllabus in part reads as follows:

1. An attorney contracting for a contingent fee to recover life insurance for the benefit of his client has a lien on the client's estate for his fee, in case the client dies before the recovery is effected and the employment is continued by the client's administrator.

5. An agreement by an attorney to recover insurance money for his client for a contingent fee survives the death of the client, notwithstanding an agreement with the administrator continuing the employment.

6. The administrator as such, and not personally, is liable for the fee of an attorney employed by the decedent in his lifetime to secure insurance money for decedent, where the fee was to be contingent on recovery and the attorney claims a lien in the fund recovered.

In this case the court cites Price v Haeberle, 25 Mo. App., as follows:

"(1) The death of the client does not revoke an attorney's authority to proceed under a contract by which the attorney undertakes to prosecute to final adjudication a claim for an exclusively contingent compensation.

"(2) Such a contract being entire, the administrator cannot discharge the attorney without making the estate liable for the entire compensation stipulated for in the contract."

American Jurisprudence recognizes this distinction between a contingent fee contract and a general employment in Paragraph 37 at page 282 of Volume 5 in the following words:

"It is a well-established general rule that the relation of attorney and client is terminated by the death of the client. In the absence of a retainer from the personal representatives of his deceased client, the attorney has thereafter no further power or authority to appear or take any

further action on behalf of the deceased.

"An exception to this general rule as to the termination of the relation by the client's death seems to exist, however, in the case of a special contract to conduct a suit to judgment, or some agreement on a fee for the entire case, as upon a contingent fee."

To the same effect is the statement in Paragraph 32 on page 441 of Volume 4, Ohio Jurisprudence:

"The general rule seems to be well established that the relation of attorney and client is terminated by the death of the client. But this rule is not without its limitations, for, according to some decisions, an exception exists in the case of a special contract of employment, such as a specific contract to conduct a suit to judgment, or some agreement on a fee for the entire case. * * *."

It is our opinion that the contract in this case survived the death of Medora G. Booth, that the administratrix elected to perform the contract and that the attorney, having fully performed on his part, was entitled to 50 per cent of the amount recovered by him.

Coming now to consider whether or not the claim was properly presented and allowed under the terms of our statutes, the court is of the opinion that the knowledge of the administratrix of the existence of the contract and of the contingent obligation thereunder and acceptance of the attorney's services, must be held to be equivalent to presentation and acceptance of the attorney's claim in this case. The mere fact that the administratrix failed to list the obligation in the schedule of debts cannot control the right of the attorney to recover in as much as the exceptor has now had her day in court upon hearing of the exceptions to the account and has been in no manner prejudiced by any claimed neglect of the administratrix in failing to list the obligation in the schedule.

A decree may be entered overruling the exceptions and approving the account as filed.