### SPAHN v. UNITED STATES.

#### No. 7155.

United States District Court
E. D. Virginia, Norfolk Division.

Oct. 4, 1950.

charging lien at common law and under the statute, Va. Code 1950, § 54-70.

The agreement authorized the petitioner to make claim and receipt for the libelant, and, if necessary, to sue for him, on his cause of action for illness contracted aboard the S.S. Deborah Gannett. Particularly, it empowered "my attorney to make such settlement or compromise as he may deem advisable, and (I) agree to rely on his sole advice relative thereto". It granted petitioner the right to execute releases in the name of the libelant and fixed his compensation at 50% "of any recovery received by him or by me, as a result of a suit or compromise in the matter". A lien for his services was expressly reserved.

Suit was filed and negotiations for settlement were opened. Petitioner over a period of several months rejected, one after another, the figures offered by the defendants until the proposal of compromise reached $1250.00. This sum he thought it advisable to accept, and a cheque for the amount, with the customary releases, was tendered him by proctors for the respondents. Libelant rejected the settlement, petitioner withdrew from the case, other counsel were retained, and in the end a decree of $2825.00 was obtained.

■ The agreement was valid in all respects. Jeffries v. Mut. Life Ins. Co. of N.Y., 110 U.S. 305, 4 S.Ct. 8, 28 L.Ed. 156. There is no contention, or the slightest evidence, of overreaching by the proctor. His good faith in deeming the proposed compromise advisable, and the fairness of his judgment, are not questioned. True, a larger amount was obtained through trial and appeal, but that is evidence of neither bad faith nor poor judgment on the part of petitioner.

■ The odds were against recovery and hope for success lay in compromise rather than contest, he thought and so explained to the libelant before his retainer. He was obviously not willing to devote his time and energies to the case, on a contingent fee basis, unless his judgment was final. Libelant agreed. Of course, the result of such an agreement could not be upheld against

---

Richard J. Alfriend, III, Norfolk, Va., for petitioner.

James N. Garrett, Norfolk, Va., for respondent.

BRYAN, District Judge.

By petition in this cause Sidney H. Kelsey, a practitioner at this bar, asserts a lien against the libelant's recovery for his fee for services as libelant's proctor in the early stage of the claim and litigation. Bases for the claim are a written contract and quantum meruit, implemented by the

proof that counsel had not exercised his best judgment, but there has been no such showing here.

■ The evidence proves full performance of the contract by the proctor. Receiving a firm offer of an advisable compromise, he had the right, without approval of his client, to consummate the settlement. He had then met his obligation under the contract and had earned his compensation. The contract did not require him to try the case in the face of a settlement which he considered advisable. Conversely, he had no right to insist on a trial, with the hope of increasing the recovery, and his fee incidentally, if his judgment told him that acceptance of the settlement was advisable. The client was reciprocally bound and benefited by these obligations. However, counsel did not conclude the settlement, but in the interest of his client, took the chance of losing his fee, and allowed his client to proceed further with the case. This was not a waiver of his claim, and, having performed, petitioner should have the stipulated fee.

Thus there seems to be no occasion to settle the conflict of evidence on the cause of petitioner's retirement from the case. He denies that he refused to try the case and in this the Court sustains him. His retirement was undoubtedly due to the natural reluctance of both attorney and client for the former to proceed against his judgment, and they concurred in his retirement. If this effected a termination of the contract, it still could not deprive the proctor of his recompense.

The Court will enforce the contract by allowing the petitioner a fee of 40% (the percentage he later agreed to) of $1250.00, the amount of the proposed settlement, and will fasten this allowance as a lien upon the sum payable to the libelant under the decree in this suit. In view of the contingency and of the extent of the services performed by the proctor, the Court is of the opinion that this amount, that is, $500.00, represents as well the fair value of the proctor's services computed upon a quantum meruit.

This statement will be adopted as the Court's findings of fact and conclusions of law.